*717 OPINION.
Seawell:
The contention advanced by the petitioner is that in 1926 it sustained a loss, as provided in section 234 (a) (4) of the Revenue Act of 1926, of at least $15,000 on account of its endorsement of the Shelhorn notes as set out in our findings. The question presented is entirely one of fact, namely, had events occurred on or prior to December 31, 1926, which definitely determined that an actual loss had been sustained. To use the language of the court in Lucas v. American Code Co., 280 U. S. 445, “ Generally speaking, the income-tax law is concerned only with realized losses, as with realized gains,” citing as authority Weiss v. Wiener, 279 U. S. 333, wherein it was stated that “ the loss must be actual and present, not merely contemplated as more or less sure to occur in the future.” And we have the further rule laid down in United States v. White Dental Mfg. Co., 274 U. S. 398:
* * * The statute obviously does not contemplate and tbe regulations (article 144) forbid the deduction of losses resulting from the mere fluctuation in value of property owned by the taxpayer. New York Ins. co. v. Edwards, 271 U. S. 109, 116, 46 S. Ct. 436, 70 L. Ed. 856, cf. Miles v. Safe Deposit Co., 259 U. S. 247, 42 S. Ct. 483, 66 L. Ed. 923. But with equal certainty they do contemplate the deduction from gross income of losses, which are fixed by identifiable events, such as the sale of property (article 141, 144), or caused by its destruction or physical injury (article 141, 142, 143), or, in the case of debts, by the occurrence of such events as prevent their collection (article 151).
When tested by the foregoing standards, we fail to see that the evidence establishes a fixed and determinable loss to the petitioner in 1926. It is true that before the end of 1926 it was definitely known that Shelhorn was in financial difficulties; he had failed to pay seven of the notes, totaling $31,287.21, which had become due, liens were being filed against him, a trustee for the benefit of creditors had been appointed, and the bank had notified petitioner of its liability as endorser to pay the notes in question. But these facts do not, in our opinion, establish that an actual loss had been sustained. Whether petitioner or any of Shelhorn’s creditors would sustain a loss on account of' Shelhorn’s financial difficulties was, at the end of 1926, little more than a speculation. There is insufficient evidence to support petitioner’s statement that Shelhorn was at that time necessarily insolvent. “ Insolvency,” as the term is ordinarily used, is not a mere failure to pay debts, but means an insufficient amount of property to pay. Bouvier’s Law Dictionary, vol. 2, p. 1602, and Words & Phrases, vol. 4, p. 325. And even if we should say that the evidence *718 establishes a condition of insolvency, there is certainly nothing before us from which we can say the extent to which it could reasonably be expected that the petitioner would realize on his obligation from Shelhorn. The reported book value of Shelhorn’s assets was in excess of his liabilities and the opinion of the creditors was to the same effect. The one witness who testified as to the loss did not know what assets were taken over by the trustee other than they were “ considerable ” and gave no information as to the extent of the liabilities. Under such circumstances we are unwilling to accept as conclusive his statement that all of the notes were worthless or that $15,000 measured the loss, if any, which had been sustained. It may well be that he (the witness), as a banker, would have considered it good business to have set up a reserve against the probability of some loss in this instance, but probable losses and actual realized losses are not one and the same thing. As the court said in Weiss v. Wiener, supra:
The income tax laws do not profess to embody perfect economic theory. They ignore some things that either a theorist or a business man would take into account in determining the pecuniary condition of the taxpayer. They do not charge for appreciation of property or allow a loss from a fall in market value unless realized in money by a sale. * * *
On the evidence we can not say that the petitioner has established more than that it was possible or even probable at the close of 1926 a loss would be sustained on account of the Shelhorn transaction, but we do not think this sufficient to justify the deduction claimed.

Judgment will be entered for the respondent.