W. M. FERGUSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38744. Promulgated May 21, 1931.

*H. L. Washington, Esq.,* and *Ray G. Ransom, C. P. A.,* for the petitioner.

*Elden McFarland, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent asserts a deficiency in income tax for the year 1923 in the amount of $8,878.52. For his cause of action the petitioner alleges that respondent erroneously disallowed the deduction of $39,812.07 from his gross income in the taxable year as a loss sustained in that year. The parties have stipulated the facts as follows:

1. That the petitioner was the owner of eight thousand five hundred twenty (8,520) acres of land located in Townships twenty three (23) and twenty four (24) Woodward County, Oklahoma, known as the Ferguson Ranch. That the total cost of the said property to the petitioner was one hundred twenty three thousand six hundred forty three and 50/100 dollars ($123,643.50).

2. That during the year 1923 there was damaged by floods one thousand six hundred ninety (1,690) acres of the above land.

3. That the portion of the total cost of said Ferguson Ranch to be allocated to the 1,690 acres damaged by floods was thirty eight thousand two hundred eighty and 67/100 dollars ($38,280.67).

4. That immediately after the floods above mentioned, and because of the damaging effects thereof, the fair market value of the 1,690 acres damaged by floods was ($5,130.00) five thousand one hundred thirty dollars.

5. That during the year 1923 the petitioner was the owner of (777) seven hundred seventy-seven acres of land located in sections 28, 29 and 33 township 32 range 3 west Sumner County, Kansas. The total cost of which was thirty one thousand eighty dollars ($31,080.00).

6. That during the year 1923 there was damaged by floods two hundred (200) acres of the above land located in Sumner County.

7. That the portion of the total cost of the said Sumner County Ranch to be allocated to the two hundred acres damaged by floods was seven thousand six hundred sixty one and 40/100 dollars ($7,661.40).

8. That immediately after the floods above mentioned, and because of the damaging effects thereof, the fair market value of the two hundred acres damaged by floods was reduced to $1,000.00.

9. That such portions of the above mentioned properties as were acquired before March 1, 1913 had a value as of that date which was the same as the original cost.

10. That immediately prior to the said above mentioned floods the value of all the property damaged was in excess of the cost.

Petitioner contends that the loss sustained is deductible from his gross income under the provisions of section 214 (a) (6) of the Revenue Act of 1921, which is as follows:

Losses sustained during the taxable year of property not connected with the trade or business (but in the case of a nonresident alien individual only property within the United States) if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. Losses allowed under paragraphs (4), (5), and (6) of this subdivision shall be deducted as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period. In case of losses arising from destruction of or damage to property, where the property so destroyed or

damaged was acquired before March 1, 1913, the deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

The contention here appears to be no more than a claim to deduct a loss resulting from diminution in value of property which had not been destroyed, abandoned, or otherwise disposed of by the petitioner in the taxable year. The Commissioner's interpretation of the provisions upon which the petitioner relies is thus set out in article 141 of Regulations 62:

Losses sustained during the taxable year and not compensated for by insurance or otherwise are fully deductible (except by nonresident aliens) if (a) incurred in a taxpayer's trade or business, or (b) incurred in any transaction entered into for profit or (c) arising from fires, storms, shipwreck, or other casualty, or theft. *They must usually be evidenced by closed and completed transactions.* * * * (Italics supplied.)

In the instant proceeding, since the petitioner has not disposed of his land, there is no completed transaction. The evidence fails to disclose the nature of the damage upon which the claim is based. The loss here claimed did not result from partial or complete destruction of improvements, but from some sort of damage to soil or land. It is stipulated that immediately after the floods the fair market value of the two properties was so many thousands of dollars less than it was before the alleged damage was sustained. This is evidence of diminished value, but is not a basis for deduction from income for Federal tax purposes. *Weiss* v. *Weiner*, 279 U. S. 333; *Mrs. J. C. Pugh, Sr., Executrix, et al.*, 17 B. T. A. 429; affd., 49 Fed. (2d) 76; *Marion Stone Burt Lansill et al.*, 17 B. T. A. 413.

In his brief the petitioner cites our decisions in *Mary Cheney Davis*, 16 B. T. A. 65 and *John S. Hall*, 16 B. T. A. 71. In those proceedings we allowed losses for the partial or complete destruction of shade trees and other ornamental shrubbery upon proof of the cost and of the extent of the damage. The petitioners no longer retained the property destroyed and had no way in which to recoup themselves for their losses. Their property was disposed of in a most effective fashion, that is, by complete destruction.

Apparently the petitioner contends that the fact that a loss was sustained by storm removed it from the usual rules which govern the deduction of losses from income for Federal tax purposes. In our opinion the only additional factors affecting losses from storm or other casualty is that it is not necessary for the destroyed property to be held for investment or used in a trade or business for gainful purposes. To secure the deduction of such losses the taxpayer must still show realization thereof through destruction or disposition. In the instant proceeding the land was neither destroyed nor disposed

of within the taxable year. The determination of the respondent is approved.

Reviewed by the Board.

*Decision will be entered for the respondent.*

MATTHEWS concurs in the result only.

———

SMITH, dissenting: The prevailing opinion of the Board seems to me to misapply the plain language of the statute to the undisputed facts in this case. It is contrary to numerous decisions of the Board and to all of the decided cases which my research has brought to light.

In the prevailing opinion attention is called to the following sentence contained in article 141 of Regulations 62: " They [deductible losses] must usually be evidenced by closed and completed transactions." I can not see that this provision of the regulations has any application to the proceeding at bar. The damage to the petitioner's property was occasioned by a flood. It is not to be presumed that the flood had not terminated in 1923. If there was any loss occasioned by the flood it is a legal deduction from the gross income of 1923, and not of any other year.

It is further stated in the opinion that although the stipulation shows " evidence of diminished value," nevertheless, such " diminished value is not a basis for the deduction from income for Federal tax purposes." It is to be noted, however, that this is not a question of a mere reduction or diminution in value of property—but an actual physical damage to it in the amount of $39,812.07. This amount is arrived at by the difference between the cost of the 1,890 acres damaged by the flood and the fair market value of the damaged property after the flood. The cost of the 1,890 acres in question was $45,092.07. As to the portion of the land damaged which was acquired prior to March 1, 1913, the stipulation shows that the March 1, 1913, value was at least equal to cost and further that the fair market value of the damaged property immediately prior to the flood was in excess of $45,092.07, the cost of same. The fair market value after the flood was only $6,130. The damage caused by the flood was therefore $39,812.07.

In support of the proposition that the damage is not a legal deduction from gross income the opinion cites three cases, none of which, in my opinion, supports the conclusion reached. In *Weiss* v. *Wiener*, 279 U. S. 333, it was held that a lessee of realty under 99-year leases, renewable forever, was not entitled to deduct for income-tax purposes estimated obsolescence for which he had not paid. There are no such facts in the instant proceeding. In *Mrs. J. C. Pugh, Sr., Execu-*

*trix, et al.*, 17 B. T. A. 429, the question was whether the petitioner was entitled to deduct from gross income damage to the surface rights in land occasioned by the development of oil wells on the land. Such damages as may have been done the land in this development were certainly not the result of any casualty. We held on the record, and properly I think, that the evidence did not prove a deductible loss. The case of *Marion Stone Burt Lansill et al.*, 17 B. T. A. 413, is not in point.

In *Shearer* v. *Anderson*, 13 Fed. (2d) 258; affd., 16 Fed. (2d) 995, it was held that where a taxpayer's chauffeur obtained the unlawful possession of the taxpayer's automobile under circumstances constituting larceny, and it was overturned and damaged on account of an icy condition of the road resulting from storms and freezing, the loss was *ejusdem generis* to shipwreck and hence was deductible under section 214 (a) (6) of the Revenue Act of 1918. The Circuit Court of Appeals went on to point out that the petitioner had sustained damage to his car and that it cost $1,252 to repair the damage and that the amount of the damage was deductible from the gross income. In the course of its opinion the court said:

> Shipwreck does not mean complete loss; damage to the ship suffices. Nor need such damage be caused by storms or other natural causes; the word is without limitation; a wreck through collision, whether due to the wrong or negligence of the other vessel or of the employee of the wrecked ship, is a shipwreck within the act. Furthermore the ship may be a pleasure yacht, in no way connected with a trade or business.

The court did not hold that the loss was not sustained by reason of the fact that the owner still possessed the car. Similarly, in the instant case, can it be contended that the loss was not sustained simply because the petitioner has not sold the land? Clearly if any loss had been sustained upon a sale it would not be necessary to claim the deduction under section 214 (a) (6) of the Act. The amount would have been deductible under other subdivisions. The interpretation placed by the prevailing opinion upon subdivision (6) here in question renders that subdivision nugatory.

In *Whipple* v. *United States*, 25 Fed. (2d) 520, it was held that damage to trees on grounds surrounding a residence was deductible under section 274 (a) (6) of the Revenue Act of 1918, even though the estate had not been sold. The Board has followed that decision of the court in *Mary Cheney Davis*, 16 B. T. A. 65; *John S. Hall et al., Executors*, 16 B. T. A. 71; *Frederick H. Nash*, 22 B. T. A. 482. In those cases there was no evidence that the shade trees were completely destroyed, as is intimated to be the test laid down in the prevailing opinion. The damage was no less there simply because the amount was not proven by a disposition of the damaged property.

In *F. M. Reed*, 6 B. T. A. 1140, the March 1, 1913, value of a dam and its probable useful life from that date was determined in order to find the depreciated-value basis upon which an allowable deduction on account of destruction of a part thereof should be computed.

A case directly in point with the proceeding at bar is *H. P. Robertson Co.*, 14 B. T. A. 887, in which the facts were that the petitioner's property was damaged by a flood in 1920, and in 1924 the petitioner secured judgment against the party responsible for the damage in the amount of the damage shown to have been suffered. We nevertheless held that the damage to the property was deductible from the gross income of the corporation under section 234 (a) (4) of the Revenue Act of 1918.

There is no question in my mind that the petitioner suffered a loss in 1923 of $39,812.07 as a result of a flood. The loss resulted from casualty. The amount is plainly deductible from gross income under the provisions of the taxing statute.

McMahon, Black, Seawell, and Goodrich agree with this dissent.

*H. L. Washington, Esq.*, and *Ray G. Ransom, C. P. A.*, for the petitioner.
*Elden MacFarland, Esq.*, for the respondent.