## DIBBLEE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7524.

Circuit Court of Appeals, Ninth Circuit.

Feb. 5, 1935.

Albert J. Dibblee, of San Francisco, Cal., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Lucius A. Buck, Sp. Assts. to Atty. Gen., for respondent.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

CAVANAH, District Judge.

This case involves a deficiency in income taxes in the sum of $1,690.30 for the year 1928. The Board of Tax Appeals redetermined the deficiency and affirmed the determination of the Commissioner, wherein it was held that petitioner acquired the securities in question at the date of the distribution and not at the time of her mother's death. Petitioner contends that the Board erred in holding that the two-year period contemplated by the "capital net gain" provision of section 101 of the Revenue Act of 1928 (26 USCA § 2101) commenced to run from the date of distribution to her of the securities she had acquired by general bequest under the will of her mother, and not from the date of her mother's death; so the sole question is whether the gain on the sale of the securities received by petitioner as a general legatee under her mother's will, less than two years after distribution and more than two years after the death of the testatrix, constitutes capital net gain or ordinary income.

Petitioner is a citizen and resident of California. Her mother died testate on

March 28, 1926, and disposed of her property by will, leaving all of it to four of her children in equal shares. The will was probated in California and the estate distributed under a decree of final distribution on May 21, 1927, and petitioner received one-fourth of certain bonds and securities so distributed. More than two years after the death of the testatrix, but less than two years after the date of distribution, petitioner sold some of the securities. In her income tax return for 1928 she reported from such sales as capital net gain the amount of $27,712.33, based on the value of the securities as of the date of the death of the testatrix, while the profit based on fair market value at the time of distribution was $28,-441.86. Respondent, in auditing the return, included this latter amount as ordinary income and determined the deficiency in dispute.

■ The controversy arises from an application and interpretation of the provisions of sections 101 and 113 (a) (5), 26 USCA §§ 2101, 2113 (a) (5), which definitely establish both the method of determining the period of holding and the basis for the determination of the taxpayer's gain. They are to be read together and, when done so, on all personal property acquired by specific bequest the basis shall be the fair market value of the property at the time of the death of the decedent, and, if the property be acquired either by will or by intestacy, the basis shall be the fair market value of it at the time of distribution to the taxpayer. Capital assets, as defined by section 101 (c) (8) of the Revenue Act, 26 USCA § 2101 (c) (8), means "property held by the taxpayer for more than two years." Petitioner asserts that under these provisions of the act the profit resulting from the sale of the securities was "capital gain" and, consequently, taxable as such, and not as "ordinary income," and, if correct, there would be no deficiency.

■ The securities upon which petitioner realized a profit of $28,441.86 were the property of decedent at the time of her death, which was more than two years before the date of sale, and were acquired by petitioner as a general bequest of personal property by will, and would seem to be governed by the provision in section 113 (a) (5) of the act, 26 USCA § 2113 (a), (5), that "in all other cases if the property was acquired either by will or by intestacy, the basis shall be the fair market value of the property at the time of the distribution to the taxpayer."

■ But it is argued by petitioner that the laws of California determine the date from which the taxpayer "held" the securities in question, as under the laws of that state the legal title to property transmitted by will or intestacy vests immediately upon the decedent's death in the devisee, legatee, or heir, as the case may be. We cannot agree with the correctness of the contention, for the federal statute determines the time the taxpayer "acquired" personal property, when acquired as a general bequest by will, to be at the time of the distribution to the taxpayer, and not at the time of decedent's death. Therefore, the taxpayer is considered as "holding" the securities only from the time of distribution. The purposes or effect of the revenue laws of the United States cannot be contravened by state law. Burk-Waggoner Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720; Corliss v. Bowers, 281 U. S. 376, 378, 50 S. Ct. 336, 74 L. Ed. 916.

The decision of the Board of Tax Appeals is affirmed.