WEISS, COLLECTOR OF INTERNAL REVENUE, *v.* WIENER.

ROUTZAHN, COLLECTOR OF INTERNAL REVENUE, *v.* SAME.

Nos. 482 and 483. Argued April 12, 1929.—Decided April 22, 1929.

*Mr. T. H. Lewis, Jr.,* with whom *Attorney General Mitchell, Assistant Attorney General Willebrandt,* and *Messrs. Clarence M. Charest,* General Counsel, Bureau of Internal Revenue, and *Millar E. McGilchrist,* Special Assistant to the Attorney General, were on the brief, for petitioners.

*Messrs. Edward W. Browse* and *James S. Y. Ivins* for respondent.

*Messrs. Herman A. Fischer, Jr.,* and *E. Barrett Prettyman,* on behalf of The Brevoort Hotel Company, filed a brief as *amici curiae* by special leave of Court.

Mr. Justice Holmes delivered the opinion of the Court.

These are suits brought by Wiener, the respondent, to recover amounts that he says should have been allowed as deductions from his income taxes but that were disallowed. The petitioners, the defendants, prevailed in the District Court, 17 F. (2d) 650; but the judgment was reversed by the Circuit Court of Appeals, 27 F. (2d) 200, and a writ of certiorari was granted by this Court.

Wiener was in the business of taking long leases of property and subletting. He held thirteen leases for ninety-nine years, renewable forever. He claimed the right to make an annual deduction from his income tax for estimated depreciation of the buildings, relying upon § 214 (a) (8) of the taxing act; Revenue Act of 1918, c. 18; 40 Stat. 1057, 1066, 1067; which granted deduction of " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." He was allowed all sums paid for repairs but nothing for the estimated obsolescence for which he had not paid. It may be taken for the purposes of decision that Wiener undertook to keep the buildings up to their present condition, to pay rent even if the buildings were destroyed and that his obligations were sanctioned by a liability to forfeiture. It is argued with much elaboration that not only covenants but economic necessity required the respondent to keep the buildings up to the mark and that the amount needed for this purpose should be allowed.

The income tax laws do not profess to embody perfect economic theory. They ignore some things that either a theorist or a business man would take into account in determining the pecuniary condition of the taxpayer. They do not charge for appreciation of property or allow a loss from a fall in market value unless realized in money by a sale. *United States v. S. S. White Dental Co.*, 274 U. S. 398, 401. A stockholder does not pay for accumulated profits of his corporation unless he receives a dividend. That is the general principle upon which these laws go. It is true that they allow for obsolescence of buildings, &c., where the loss is of materials, not of money; but there as elsewhere the loss must be actual and present, not merely contemplated as more or less sure to occur in the future. If the taxpayer owns the property the loss actually has

taken place. But with Wiener it had not, and it might never fall on him, as was pointed out by the District Judge. Some of the leases were assigned and others surrendered to the lessor. In such cases it would be a mere speculation to suppose that depreciation was taken into account in the transactions. Probably other and dominant considerations induced the acts. The event showed that in those cases there was no true basis for Wiener's claim.

The Circuit Court of Appeals, interpreting *United States* v. *Ludey*, 274 U. S. 295, said that the purpose of the revenue act is to tax only gain, and that the amount thus allowed to be set aside is not gain, but is capital that has gone into gross income. But it is very clear that as yet the capital of the lessee has not gone into it, and upon the considerations just mentioned it is not enough that he has made a contract that very possibly may not be carried out to replace that capital at some future time. If, as we think, such a contract is not enough to cause the lessee a present loss by wear and tear, the fact, which may be assumed, that the property was used by him in his business. does not matter. Of course he must show an interest in the property and a present loss to him to make the statute apply.

In *Lynch* v. *Alworth-Stephens Company*, 267 U. S. 364, a statutory provision for deducting from gross income a reasonable allowance for depletions of mines was held applicable to a lessee bound to mine a minimum tonnage and to pay a stated royalty. In such a case the whole value of the lease is in the right to remove the ore, that is to destroy as rapidly as may be the real object of the lease. But in the case of a house or shop the value is not in the right to destroy and the destruction is only an undesired, gradual and subordinate incident of the use. The diminution in the value of a mine to the lessee is conspicuous, necessary, and intended, and is the very source of the gross income of

the lessee from which it is deducted, whereas the wear and tear of a house or shop in any given year may be only recognizable by theory and, as has happened in this case, may cost the lessee nothing while the premises are in his hands.

It does not matter that in Ohio, where the properties lie, these long leases are treated as in many respects like conveyances of the fee. The Act of Congress has its own criteria, irrespective of local law, that look to certain rather severe tests of liability and exemption and that do not allow the deductions demanded whatever the lessees may be called. We understand this to be the view taken by the Department for a long time and we are of opinion that it should not be disturbed.

*Judgment of Circuit Court of Appeals reversed.*
*Judgment of District Court affirmed.*