In the Matter of the Application of CONWAY COMPANY, Petitioner, for a Certiorari Order against THOMAS M. LYNCH and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, June 30, 1931.

*Ehrich, Royall, Wheeler & Walter* [*Ralph Royall* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General,* of counsel], for the respondents.

Whitmyer, J. Petitioner was organized as a holding company, in 1905, under the laws of the State of New Jersey. At the time of its organization it acquired the stock of Hallet & Davis Piano Company, manufacturers of pianos, located in Boston. Later, it established two other subsidiaries, Conway Realty Company, a Massachusetts corporation, and Conway Securities Company, a Massachusetts trust, both wholly owned by it, through ownership of all of the stock of the former and the certificates of the latter. About 1926 petitioner determined to liquidate the piano business and the business of the other two subsidiaries. Prior to 1928, the calendar year in which the net income was received, which is the basis of the tax in question, the liquidation had been effected to the extent that the realty company still owned real estate in Worcester, Mass., a mortgage and some cash, and the securities company owned some piano installment paper, receivables and cash.

In 1928 petitioner took out a license to do business in New York State, established an office here and commenced the business of dealing in investment securities generally in addition to holding the stock of its subsidiaries which were being liquidated. Petitioner employed the funds received from partial liquidation by investing and reinvesting them, pending final liquidation. Its taxable income therefrom for 1928 was $1,061,191.67, which sum did not include any returns from liquidation of its subsidiaries. It is conceded that it had no other business than this investment business during 1928, all of which was transacted from its only office, which was in New York. Its entire net income was taxable because its entire business, apart from that of its subsidiaries (it was not making a consolidated report) was transacted here. (Tax Law, § 214, as amd. by Laws of 1925, chap. 323. )

The sole question here arises under petitioner's claim that it is entitled to deduct, in 1928, large losses in the values of holdings in its subsidiaries, the Conway Realty Company and the Conway Securities Company.

In 1923 petitioner claims to have invested the sum of $593,169.69 in the realty company, which owned plants in Boston and Worcester, in the State of Massachusetts. The Boston plant was sold in 1926. Out of the proceeds, which included a mortgage and a cash payment of $250,000, the petitioner took the cash, applying the sum of $102,434.75 to net profits from operation of the real estate during the years 1923 to 1926, inclusive, and the sum of $147,565.25 to liquidation on the investment, so that, according to petitioner's books, the original investment stood at $445,604.44 as of December 31, 1926. Applying the entire sum, the investment remained at $343,169.69. The realty company still had the Worcester plant and the mortgage and cash. On January 1, 1928, lands and buildings were carried at $653,100.83. The Worcester plant was sold in that year, petitioner claims, for $176,000, showing a loss of $398,389.50, after deducting the reserve of $78,711.33, which had been set up. Petitioner claims a loss of $445,604.44 in liquidation and $43,261.09, uncollectible accounts, a total deductible loss in 1928 of $488,865.53. At the close of the year 1928 the petitioner carried the realty company stock on its books at $15,479.64.

The investment in the Conway Securities Company amounted to $800,000. In 1927 a distribution was taken of $445,222.39, leaving the investment at $354,777.61; and a further distribution of $186,520.76 was taken in 1928, leaving the investment, as of December 31, 1928, at $168,256.85, according to petitioner. It claims

a loss of $135,377.43 for 1928. According to the balance sheet, the net worth of the assets on December 31, 1928, was $6,696.33 and the reserve for bad debts was $22,210.44. Treating these as good, the deductible loss for 1928, petitioner claims, amounts to $139,350.08. At the close of 1928 the petitioner carried its investment in Conway Securities Company on its books at $6,696.33.

The condition then is that, in 1928, the petitioner was doing business as a dealer in securities only, all of which was conducted in New York. Among its assets it still owned its stock in the Conway Realty Company and the certificates of the Conway Securities Company. These had been purchased years before. The realty company and the securities company had been largely but not completely liquidated. The net proceeds of each of these transactions had gone to the petitioner from time to time and had reduced the value of its holdings.

The only deductions which could be allowed are losses established upon the stock of the realty company and the certificates of the securities company.

Ordinarily the loss on stock owned for which there is a market is the difference between the cost price and the selling price. This loss is sustained when the stock is sold or otherwise finally disposed of. (*Weiss* v. *Wiener*, 279 U. S. 333.) If the loss during a period is to be otherwise ascertained, the loss must be the difference between the value of the stock at the beginning of that period and its value at the end. In this case we are to determine the loss sustained by the petitioner in the year 1928. During this year the stock of the realty company was not sold, nor were its assets entirely disposed of. A like condition exists as to the petitioner's holdings in the securities company. There still remained assets of that company undisposed of. Neither corporation had been dissolved. The theory of the petitioner is that the business of the two subsidiaries had been substantially liquidated in that year by such a disposition of their respective assets as to permit them to figure what the loss was to be, even though not taken by sale of the holdings or by final liquidation of the companies.

We think the law contemplates only the deduction of a loss which is "actual and present, not merely contemplated as more or less sure to occur in the future" (*Weiss* v. *Wiener*, *supra*, 335). During 1928 the loss in these stocks was, as it seems to us, merely shrinkage in value, which is not deductible. It was not an actual and present loss in that year.

Moreover, if we assume that some loss was realized by the petitioner in 1928, as it claims, then, since there has been no final disposition of the holdings, the difference between their value on

December 31, 1927, and their value December 31, 1928, must be that loss. No losses sustained prior to December 31, 1927, can be considered (Tax Law, § 208, subd. 3, as amd. by Laws of 1926, chap. 286 ), unless it be for the purpose of ascertaining the value of the assets of each company on that date, which in turn determines the value of the stock on that date. Even on that theory we think that the petitioner has failed to establish the value of the stocks and certificates in such definite manner as to establish deductible loss. It was incumbent upon the petitioner to prove not only error but its exact amount and if, upon the record, the Commission was unable for lack of data essential to an intelligent revision, to resettle the account for taxes, it did not err in confirming the account. (*People ex rel. Kohlman & Co.* v. *Law*, 239 N. Y. 346, 351.)

We think that the petitioner's right to a revision and reduction of the tax has not been shown, and that the determination should be confirmed, with fifty dollars costs and disbursements.

All concur, except HILL and RHODES, JJ., who dissent and vote to annul the determination and remit the matter to the Commission for the allowance of the losses sustained as shown by the relator. (*De Loss* v. *Commissioner of Internal Revenue*, 28 F. [2d] 803.)

Determination confirmed, with fifty dollars costs and disbursements.