**F. M. HUBBELL SON & CO., Inc., v. BURNET, Commissioner of Internal Revenue.**

No. 9064.

Circuit Court of Appeals, Eighth Circuit.

July 20, 1931.

J. G. Gamble, of Des Moines, Iowa, for petitioner.

Hayner N. Larson, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and R. N. McMillan, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for respondent.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

This is a petition to review a decision of the Board of Tax Appeals approving deficiencies in the income and profits tax of the appellant for the years 1924, 1925, and 1926 in the respective amounts of $913.88, $1,351.74, and $1,685.68.

The appellant is an Iowa corporation with its principal place of business in Des Moines, where it is engaged in the ownership, development, and rental of real estate. In the years 1924, 1925, and 1926 it was required by special assessments to make expenditures on account of paving, curbing, and sidewalk improvements in connection with property owned by it in Des Moines and used in its business. The estimated average life of paving in the districts in which appellant's property is located is ten years and that of curbing, sewers, and sidewalks twenty years. Upon such basis of estimated average life of paving, curbing, sidewalks, and sewers the appellant charged as expenses on account of depreciation for the years 1924, 1925, and 1926, respectively, the amounts of $7,262.25, $7,245.70, and $6,912.88. The Commissioner of Internal Revenue ruled that appellant was not entitled to these deductions. If in computing its net income for the years in question, it was entitled to deductions by reason of the depreciation referred to, then the decision of the Board of Tax Appeals sustaining the Commissioner must be reversed.

Section 234(a) (7) of the Revenue Act of 1924, 26 USCA § 986(a) (7), provides that: "In computing the net income of a corporation subject to the tax imposed by section 981 of this title there shall be allowed as deduc-

tions: * * * (7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence."

1. Under this section (and it is upon this section appellant relies), before an allowance for exhaustion, wear and tear, that is, for depreciation, is allowable it must be shown that the property in connection with which depreciation is claimed is "used in the trade or business" of the taxpayer. So much is clear from the very words of the statute. Whether it is also essential that either an absolute or qualified ownership of the property shall be in the tax payer or that the depreciation shall result from the use of the property in the taxpayer's trade or business are matters of interpretation. Obviously the first question here is this: Are the pavements, curbs, sidewalks, and sewers in the streets abutting on appellant's properties "used in the trade or business" of appellant?

Appellant's argument, supporting an affirmative answer to the question put, is this: Appellant's business is the rental of properties; street improvements of the nature of those here increase rental incomes just as would improvements erected on the lands of appellants; in the same sense as the latter would be property used in appellant's business, the former are property used in its business.

It must be conceded that the laying of a pavement in front of a business or residence property does increase its rental value. That rental value is increased also by pavement other than that immediately abutting the property, without which other pavement the pavement in front of the particular property would be useless. And the rental value is increased without regard to who pays for the pavement, whether it is constructed from special assessments or the general revenue. It is increased also by the building of churches and schools and street railways in the immediate vicinity. In the face of these instances it can hardly be said that any improvement, not located on the taxpayer's property, which increases rental value, is on that account property used in the business of renting property.

Why is a street railway running in front of a business property, a street railway that undoubtedly increases that property's rental value, not "used in the trade or business" of renting that property? Because it is something independent of and separate from that business; because it is not exclusively devoted to that business, only incidentally serving it and others; because it is not subject to the control of the owner of that business. It benefits the business but it is not "in" the business, not a part of it. To secure its benefit the owner may have joined with a hundred others in constructing it but it is still separate from and independent of the business of renting the particular business property. All of this is likewise true of pavements, curbings, sidewalks, and sewers. Incidentally they benefit properties and businesses conducted thereon but primarily they are used in the business and for the service of the public.

2. While the statute does not in so many words declare that before a deduction from net income may be made on account of "the exhaustion, wear and tear of property used in the trade or business" it must appear that the property depreciated is property in which the taxpayer has an absolute or qualified ownership and that the "exhaustion, wear and tear" has resulted from the use of the property in the taxpayer's business, those are necessary implications.

Unless the taxpayer has some sort of ownership in the property which has depreciated, its depreciation directly causes him no loss and has therefore no proximate relation to his income. He must have some special proprietary interest in the property (Weiss v. Wiener, 279 U. S. 333, 337, 49 S. Ct. 337, 73 L. Ed. 720), although, of course, the whole title need not be in him. A taxpayer upon whom a special assessment is levied for the construction of a pavement has no peculiar financial interest in that pavement. It is as much the property of the public and wholly so as is any public building. Certainly that is true as to a pavement in Iowa under Iowa law. It is not the theory of special assessments that the taxpayer acquires in compensation for what he has paid a special interest in that which is constructed. The theory is that he is compensated by a value added to what he already had. The increased value of his property will diminish as the value of the pavement decreases from exhaustion, wear, and tear, but the increase in value which the taxpayer has received, while it diminishes, does not diminish by reason of its exhaustion, wear and tear, but by reason of the exhaustion, wear and tear of property in which the taxpayer has no special pecuniary interest and on account of whose exhaustion, wear and tear the taxpayer is entitled to no deduction.

3. If the "exhaustion, wear and tear" is from other uses than that of the taxpayer's

trade or business, then the property, to that extent, is not "used" in such trade or business and is not the property described in the statute. Suppose, for example, a motortruck owned by one business but jointly used by it and by another. Obviously the owner would be entitled only to the depreciation resulting from its use of that truck and would have the burden of showing what part of the total depreciation resulted from its use. Similarly, even if it is conceded that in the sense of the statute a street pavement is used in a trade or business conducted on abutting property, it is likewise used by every other trade or business on that street and by the public generally. No method could be devised for allocating its depreciation to its various users.

There are then three things, among others, which must be shown before a deduction on account of depreciation may be allowed: (1) that the property is used in the taxpayer's trade or business and not merely that it is of incidental benefit thereto; (2) that the taxpayer has either absolute or qualified ownership of the property; and (3) that the depreciation has resulted from use of the property in the trade or business of the taxpayer. The appellant's case does not satisfy any of these requirements.

The decision of the Board of Tax Appeals is affirmed.

KENYON, Circuit Judge, concurs in the result.

BOOTH, Circuit Judge.

I concur in the result, but prefer to place my concurrence upon the ground that there has been no showing by the taxpayer of the extent to which the exhaustion, wear and tear of the paving, curbing, sidewalk, and sewer were due to use in the taxpayer's trade or business.