*858 OPINION.
Van Fossan:
The question in this proceeding is whether, in determining both the cost to the petitioner of the perpetual leasehold with privilege of purchase referred to in the findings of fact and the price for which he agreed to convey to Payton all his interest in that perpetual leasehold, there should be included as part of the cost and of the sale price an item of $60,000, the same being the amount to be paid if the option to purchase was exercised. The petitioner contends that, under the law of the State of Ohio, in which the property leased is situated, the agreement between The F. H. Lawson Company and the Seton Realty Company set forth in the findings of fact was in legal effect the conveyance of the fee of the property described therein, subject to a mortgage to secure the purchase price of $60,000, the amount stated in the agreement as the sum to be paid by the lessee in the event of the exercise of the privilege of purchase granted in the agreement. The petitioner also contends that when he and his purchaser assumed all the terms and conditions of the agreement between The F. H. Lawson Company and the Seton Realty Company they assumed a mortgage to secure $60,000 and consequently that amount must be included in the cost to the peti *859 tioner of the perpetual leasehold with privilege of purchase and also must be included in the amount agreed to be paid by Payton, the purchaser.
The record contains some testimony to the effect that the sums paid by the Seton Realty Company, by the petitioner, and by Payton for the perpetual leasehold with privilege of purchase, included the sum $60,000, the option price, secured by a mortgage, but these statements were more in the nature of the witness’ interpretation of contract obligations than statements of fact. Such evidence must be tested in the light of a proper construction of the actual terms and conditions of the various instruments set out in the findings of fact.
For some purposes the courts of Ohio have construed perpetual leases with privilege of purchase of the character of the one in question in this proceeding as conveyances of a freehold. Cf. Weiss v. Wiener, 279 U. S. 333. In Stephenson v. Haines, 16 Ohio St. 478, the court said, of such a perpetual lease with privilege of purchase, that it is a deed of conveyance in fee subject to a condition of defeasance and is equivalent to a sale and conveyance with a mortgage to secure payment of a purchase price. To the same effect is Worthington v. Hewes & McCann, 19 Ohio St. 66. But the later cases decided by the Supreme Court of Ohio do not go so far as to hold explicitly that the perpetual leases with privilege of purchase are conveyances in fee simple subject to a mortgage to secure the purchase price. In Smith v. Harrison, 42 Ohio St. 180, the court said: “ A perpetual leasehold estate is not a fee simple. * * * The fee simple remains in the lessor, his heirs and assigns.”
Construing the application of an Ohio statute the court said, in Village of St. Bernard v. Kemper, 60 Ohio St. 244; 54 N. E. 267, that: “A lessee in possession under a lease of real property for 99 years renewable forever, the property standing in his name for taxation, is so far the owner [italics ours] of such property as to authorize him to subscribe a petition for street improvements ” under a section of the statutes of Ohio.
In Rawson v. Brown, 104 Ohio St. 537; 136 N. E. 209, the court decided that a perpetual leasehold with privilege of purchase is subject to partition. The option clause in the lease agreement in the Rawson v. Broton case was substantially similar to the clause in the lease from The F. H. Lawson Company to the Seton Realty Company granting the privilege of purchase on payment of the sum of $60,000. In discussing the question whether or not the perpetual leasehold with privilege of purchase was subject to partition, the court said:
We think that where the owner of a fee in land leases it for 99 years, renewable forever, he is still the owner of the fee. * * * The possession of the le^s^e is the possession of the lessor. * * * So far as the option to *860 purchase, which is included in the perpetual lease, is concerned we do not think that until it is exercised it would affect the right of the parties as involved in this proceeding. The parties, by the inclusion of the option to purchase, recognized that the fee still resided in the lessor, his heirs and devisees.
The case of Ralston Steel Car Co. v. Ralston, 112 Ohio St. 306; 147 N. E. 513, involves the question of whether or not, under the Ohio statutes, the right of dower attaches to a perpetual leasehold with privilege of purchase, and in that case it was held in substance that a permanent leasehold is real property because it is an estate of inheritance and that it is, therefore, subject to dower under the statutes of Ohio. In the Ralston Steel Car Co. case the court quoted with approval the opinion in Stephenson v. Haines, supra, but also stated as follows:
Tlie estates and interests of both grantor and grantee are inheritable and descend to the heirs, and neither is subject to the laws of distribution. The grantee has a corporeal hereditament and the grantee has the right to receive the rents forever * * *.
The court also stated that the usual and ordinary “ permanent lease ” in Ohio contains an option of purchase clause upon the exercise of which the grantee “ becomes invested with the full fee simple title.”
In none of the cases which have come to our attention is it held, or said by way of dicta, that the estate granted by the respective perpetual leases with privilege of purchase is subject to defeasance by reason of failure to exercise the option to purchase. On the contrary, it appears that the estate granted by the leasehold agreements is subject to defeasance only because of failure to pay the annual rent reserved, taxes, insurance, etc., or by reason of failure to keep and perform the covenants to be performed by the lessee such as to keep buildings in repair, not to commit waste, etc. Moreover, neither in the various instruments set out in the findings of fact nor in the cited decisions is there any indication that there is any obligation on the part of the lessee of' the perpetual leasehold with privilege of purchase to exercise the option to purchase. This privilege of purchase is coterminous with the duration of the perpetual leasehold. It need never be exercised. The lease may prove improvident and purchase undesirable. If the perpetual lease with privilege of purchase be, as is contended, a conveyance of a fee subject to a mortgage to secure the purchase price, then it follows that the so-called mortgage never need be satisfied, since the purchase price need never be paid. It is apparent, too, that the lease provision creating what petitioner’s counsel contends is a mortgage does not secure any obligation of the lessee. It is collateral to no debt due or to grow due, and if a mortgage exists, it is the creature of judicial construction.
*861 The taxing statutes deal with facts and not with subtleties. It is obvious that in determining questions involving the amount of initial cost and purchase price received and to be received we may include only amounts actually or constructively paid and amounts which the seller or the purchaser are under actual obligation to pay. Since neither the seller, the petitioner in this proceeding, nor the purchaser of the perpetual leasehold ever actually paid or was under any obligation to pay the sum of $60,000 in question, this amount should not be included either in the cost of the leasehold to the petitioner or in the purchase price received and to be received by him from Payton. We, therefore, approve the respondent’s exclusion of the sum of $60,000 in question from these amounts.
The above holding is dispositive of the entire proceeding. Since the payment of $25,000 was in excess of 25 per cent of the selling price, it follows that petitioner must report the entire profit in the year 1923.

Decision will be entered for the respondent.