## COMMISSIONER OF INTERNAL REVENUE v. PROVIDENCE, W. & B. R. CO.
### No. 70.

Circuit Court of Appeals, Second Circuit.
Jan. 7, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. F. Jackson, Sp. Assts. to Atty. Gen., for petitioner.

Percy W. Phillips, of Washington, D. C. (Brewster, Ivins & Phillips, of Washington, D. C., and W. L. Barnett and Hermon J. Wells, both of New Haven, Conn., of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The facts were stipulated. The respondent on December 1, 1891, owned a railroad which it then leased with its franchises and assets of every description to the Old Colony Railroad Company for the term of ninety-five years and nine months from July 1, 1891. The lessee was bound to pay the rent reserved; to maintain the property throughout the term in as good condition as when leased; to return equal value at the termination of the lease; and was privileged to sell "real estate and property" it did not require for railroad purposes upon condition that the proceeds or their equivalent should be, or should previously have been, applied to additions or improvements upon the leased property, paying over without interest to the lessor upon termination of the lease any unexpended balance that might remain in its hands. The pertinent portions of the lease follow:

"Fourth. The lessee shall at its own expense maintain and keep the railroad and property herein demised in as good order and condition as the same now are * * * and shall furnish all cars, engines, rolling stock and equipment required in addition to the like property hereby demised for the due and proper use and operation thereof in such manner as at all times to meet the demands of the public service and to furnish equal facilities for travel and business with those now afforded by the lessor and it shall apply the proceeds of rolling stock and other personal property herein demised which it may deem advisable to sell and which it is hereby authorized to sell at its discretion so as to substitute therefor other like property for use in the maintenance and operation of said railroad and property of equal value. The lessee shall permit some suitable person appointed by the lessor to examine the demised property once each year so far as may be necessary to ascertain the condition thereof and shall pay the reasonable expense of such annual inspection in addition to the rent herein reserved.

"Fifth. * * *. At the expiration or earlier termination of this lease the lessee will return said demised road and property to the lessor suitably equipped and provided with depots and other structures of at least equal value with those now existing thereon and in as good order and condition as the same now are and with rolling stock, machinery, tools, furniture, appliances, telegraph apparatus and equipment of equal value with that hereby demised according to the appraisal thereof.

"Sixth. The lessor will upon the written request of the lessee from time to time convey to such person or persons as the lessee may appoint in such request such portions and parcels of the real estate and property owned by the lessor and hereby leased not required by the lessee for railroad purposes as the lessee may designate and upon such reasonable terms and for such reasonable price as it may direct at its expense the proceeds to be received by the lessee but upon an express agreement however by the lessee that all proceeds thereof or a sum equal thereto shall be or shall previously have been from the funds of the lessee applied to additions or improvements upon the railroad of the lessor or connected with its real estate which shall thereupon become the property of the lessor and subject to the provisions of this instrument and if at the expiration or earlier termination of this lease the lessee shall not have thus expended a sum equal to the proceeds of the real estate so conveyed the balance unexpended shall be paid over to the lessor without interest. * * *

"Ninth. That the property herein demised and to be accounted for at the expiration or earlier termination of this lease may be accurately determined there shall be made as of the day when this lease takes effect viz., July 1, 1891, a full, complete and particular inventory and description of all estate and property real and personal belonging to the lessor and coming into the possession of the lessee by virtue of this lease and that the value of the engines, cars, rolling stock, machinery, tools, furniture, appliances, telegraph apparatus and equipment hereby demised and to be returned may be fixed and

appraisal thereof shall be made by two competent persons one selected by each party."

This lease was assigned to the New York, New Haven & Hartford Railroad Company on February 15, 1893, and since then has been in all respects performed by the original lessor and the assignee.

Between 1904 and 1913, the assignee made additions to the property to the amount of $969,729.53 which the respondent paid for. The annual rental was increased as the parties agreed. Among such additions were three turbo generators which were installed at a power plant at Warren, R. I., at a cost of $146,966, to supply electricity for railroad use. In 1926, the assignee, with the consent of the respondent, sold these generators for $2,805, as scrap, because it no longer had any use for them for railroad purposes, since it could buy what electrical energy it needed cheaper than it could produce it with the generators. The respondent deducted the difference between cost and the price for which the generators were sold as a loss in its return of income for 1926. The Commissioner disallowed the deduction on the ground that the assignee was bound to return the value of the leased property at the end of the term. The Board held the contrary, and by restoring the deduction wiped out the basis of the deficiency determined by the Commissioner.

Although the assignee is bound generally to maintain the leased property in good condition and to return equal value at the end of the term, the sixth paragraph, above quoted, contains an express modification of the general obligation. That relates to the disposition of "such portions and parcels of the real estate and property * * * not required by the lessee for railroad purposes. * * *" The three generators sold in 1926 were such property. The manner in which they were of necessity attached to the real estate permit no other conclusion than that they were fixtures. When they were sold, the only proceeds the respondent could ever receive were limited to the sale price and the only obligation of the assignee was to account to the respondent for that. The difference between that and the cost which the respondent had paid was an absolute loss.

This loss occurred entirely in the year when the property was sold in accordance with the sixth paragraph of the lease. While the generators remained a part of the leased property, the assignee's obligation to return equal value at the termination of the lease continued and prevented any deduction by the respondent for depreciation. Weiss v. Weiner, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720. During this time no lessening in the value of the generators became its financial burden. But, when the provisions of the sixth paragraph were invoked and the generators were sold in accordance with those provisions, the respondent was no longer protected by the obligation of the assignee of the lease to return their value in full, and the loss determined by the sale became the respondent's loss. It then was deductible. Section 234 (a) (4) of the Revenue Act of 1926 (26 USCA § 986 (a) (4).

Affirmed.