## GEORGIA RY. & ELECTRIC CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7738.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1935.

Walter T. Colquitt, of Atlanta, Ga., L. A. Gravelle, of Washington, D. C., Adrian C. Humphreys and Justin R. Whiting, both of New York, N. Y., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., J. Louis Monarch and Sewall Key, Sp. Assts. to the Atty. Gen., Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and W. Frank Gibbs, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

On January 1, 1912, the Georgia Railway & Electric Company leased all its property of every description, including its street railway, electric light and heating plants, to the Georgia Railway & Power Company for a term of 999 years. In 1927 the lessor and the lessee were merged in the Georgia Power Company, and the lease was canceled. The Commissioner of Internal Revenue, in determining deficiencies in the lessor's income taxes for the years 1917 to 1926, inclusive, refused to allow to it any deduction on account of depreciation of the leased property, and the deficiencies assessed by him were sustained by the Board of Tax Appeals. Petitions by the lessor and by the Georgia Power Company as transferee bring the board's decision here for review. The amount of depreciation sustained in operating the leased property year by year was agreed upon. The only question before us is stipulated by the parties to be whether the lessor is entitled to the deductions for depreciation.

By the terms of the lease the lessee bound itself to pay the lessor as rent, without any deduction even for taxes, a quarterly dividend of $1\frac{1}{4}$ per cent. on preferred shares, and 2 per cent. on common shares, of its capital stock; to "renew, repair and replace the same, so as to maintain and keep the demised premises in as good order, repair and condition as the same now are and in their present state of efficiency"; and to furnish at its own cost all new equipment. The lessee was given the right to sell any property which it deemed worn, damaged, or no longer suitable or necessary for its purposes, provided the proceeds of every such sale should either be applied to the substitution of property equal in value to that sold, or expended to increase the value of the remaining property; and to sell the lessor's treasury stock and bonds for the purpose of making permanent improvements and additions other than those which it was obliged to make at its own expense. At the expiration or earlier termination of the lease, the lessee was to surrender the leased property with all improvements, additions, and betterments, except such as had been disposed of, and the lessor was to pay

to the lessee the actual value of all extensions, improvements, renewals and betterments, except such as had been paid for out of proceeds of the sale of the lessor's property, or "in the renewal of or substitution for demised premises." The petitions before the board alleged in general terms that the lessor was entitled to depreciation. The board, treating those petitions to mean that the petitioners were claiming deductions only for exhaustion, wear, and tear of the physical property, held that, since the lessee was required by the lease to make good all depreciation resulting from renewals and replacements, the lessor was not entitled to any allowance on account of depreciation, citing A. Wilhelm Co. v. Commissioner, 6 B. T. A. 1, and Commissioner v. Terre Haute Electric Co. (C. C. A.) 67 F.(2d) 697. On a rehearing, petitioners introduced evidence for the purpose of showing that the lessor had sustained losses resulting from the abandonment and sale of some of the leased property on account of obsolescence, and that the lease, because of this practical construction thus placed upon it by the parties in the course of their dealings with each other, should be construed to mean that it was their intention that all such losses should be borne by the lessor. But as no evidence was submitted of the cost of the property which was abandoned and sold, or of its market value as of March 1, 1913, the board, among other things, held that the loss claimed had not been proven, for the reason that the cost or the fair market value as of that date, whichever was greater, was the basis for determining gain or loss on the sale or other disposition of property acquired, as all the lessor's property had been, prior to March 1, 1913. 26 USCA § 935 (b). Petitioners contend that they were relieved of the burden of proving the cost of the property abandoned and sold, because the total amount of the depreciation sustained was not in dispute; but even so, and assuming that obsolescence was included within the general term depreciation along with exhaustion, wear, and tear, it would be necessary to know the amount allocable to obsolescence, at least in the event the lessor was not entitled to any allowance for exhaustion, wear, and tear. The parties agreed only to the total amount of depreciation sustained by the property, but they did not agree that the lessor was entitled to any of it. We therefore agree with the board in its decision that no allowance should be made on account of obsolescence, or loss sustained in the abandonment or sale of leased property.

We agree also that the lessor is not entitled to any allowance for depreciation resulting from exhaustion, wear, and tear. The lease required the lessee at its own expense to make all repairs, renewals, and replacements. The lessee, in the event it exercised the right to sell any property that had become worn, or unsuitable for further use, was obliged to substitute other property, or to apply the proceeds of that sold to increase the value of the remaining property. It had the right to make permanent improvements and additions, and to receive credit therefor at the termination of the lease, except for such as had been paid for out of the proceeds of the sale of the lessor's property, and such as had been made in renewal or substitution. Clearly, under these provisions of the lease, the loss resulting from renewals and replacements, and from the exhaustion, wear, and tear of the property generally, was to be borne, not by the lessor, but by the lessee. Commissioner v. Terre Haute Electric Co., supra, is, as we think, directly in point. In language identical with that employed in the lease before us, the lessee was there required to bear the expense of renewals, repairs, and replacements, and because this was so, the lessor was held not to be entitled to deduction from his income for depreciation. We also think that case was rightly decided. The ruling in Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720, that a lessee who had made no investment was not entitled to an allowance for depreciation, is equally applicable to a lessor, who likewise has suffered no loss resulting from depreciation. There is no evidence whatever to sustain the contention of the petitioners that the lessor, though not required by the lease to do so, bore the losses resulting from exhaustion, wear, and tear, and required the lessee to bear only the cost of current maintenance and repairs. Nor is there any evidence that the lessor paid or bore any of such losses. It does not appear, therefore, that when the lease was terminated by cancellation, and the lessor and the lessee were both merged in the Georgia Power Company, the lessee owed the lessor anything on account of losses for depreciation. So far as

appears, the lease, while it lasted, underwent no change as a result of anything the parties did in carrying it out, but was enforced strictly according to its terms and provisions.

The petitions for review are denied.