TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 49832, 53429, 63699. Promulgated January 14, 1936.

*J. T. Haslam, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined the following deficiencies in the petitioner's income tax:

| Docket no. | Year | Deficiency | Docket no. | Year | Deficiency |
|---|---|---|---|---|---|
| 49832 | 1926 | $31,803.85 | 53429 | 1928 | $33,467.37 |
| 49832 | 1927 | 36,430.80 | 63699 | 1929 | 48,880.13 |

All of the issues raised in the pleadings relating to the above deficiencies have been settled by a stipulation of the parties. The only matter now in controversy is an issue in each proceeding, raised by the respondent, whereby he claims that the amounts which he allowed as deductions for depreciation for each year were erroneously allowed. The facts of record bearing upon this issue have been presented by a stipulation.

The stipulation may be summarized for present purposes as follows:

The petitioner is a corporation organized under the laws of Missouri. Its principal office is at St. Louis, Missouri. It kept its books on an accrual basis and in accordance with the classification of accounts prescribed by the Interstate Commerce Commission. The petitioner owned all of the outstanding capital stock of St. Louis Merchants Bridge Terminal Railway Company and of Wiggins Ferry Company. Wiggins Ferry Company owned all of the outstanding capital stock of St. Louis Transfer Railway Company and of the East St. Louis Connecting Railway Company. The petitioner, for itself and affiliated companies, filed consolidated income tax returns for all of the years here involved. Those returns included the income and deductions of the companies above mentioned. The returns were filed on an accrual basis. The petitioner, as lessee, leased the properties of St. Louis Merchants Bridge Terminal Railway Company, of East St. Louis Connecting Railway Company and of the St.

Louis Transfer Railway Company for a period of 99 years beginning January 1, 1926. These leases were approved by the Interstate Commerce Commission in 1925. The properties leased consisted of railways, bridges, structures, depots, shops, locomotives, cars and all other properties owned comprising the entire railroad systems of the lessors. The rental which the petitioner was required to pay under the leases consisted of taxes, assessments and other like charges imposed upon the lessor companies and interest on bonds of one of the companies. Each lease contains the following provision:

> The Lessee Company shall and will maintain and keep the premises hereby delivered, and every part thereof, in good condition, and make all necessary repairs and renewals of the same, and operate and use the same for the purposes for which the Lessor Company holds the same, and shall and will indemnify and save harmless the Lessor Company from any and all claims for damages arising out of such operation and use.

The petitioner operated the properties during the taxable years in accordance with the terms of the leases. The properties leased were constructed with funds of the lessor companies or their predecessor companies. The various expenditures to be made by the petitioner in the payment of interest, taxes, assessments, repairs, renewals, maintenance, etc., were made as required by the terms of the leases and the amounts thereof were deducted from the gross income of the petitioner as expenses. Those deductions have been allowed by the Commissioner in determining the deficiencies. The petitioner, in the consolidated returns, claimed the following amounts for depreciation of the properties, and the deductions were allowed by the Commissioner in determining the deficiencies:

| | |
|---|---|
| For 1926 | $30,871.48 |
| For 1927 | 30,404.80 |
| For 1928 | 30,488.65 |
| For 1929 | 29,054.06 |

The notice of deficiency for the years 1926 and 1927 contains the following statement:

> In accordance with the agreement for the allocation of tax executed under date of April 16, 1929, the deficiencies for the years 1926 and 1927 are assessable against your company.

The following statement appears in the notice of deficiency for the year 1928:

> The entire tax is allocated to your company, in accordance with agreement signed under date of September 3, 1930, by you and the subsidiary companies listed above.

The following statement is from the deficiency notice for 1929:

> In accordance with article 16 (a) of Regulations 75, the deficiency will be assessed severally against each corporation named above.

The Commissioner is the moving party on the single issue left for decision by the Board. He is asking that his action in determining the deficiencies be changed so as to disallow deductions which he says he erroneously allowed. If, under such circumstances, he fails to establish by a preponderance of the evidence that his determination of the deficiencies was erroneous, he must lose the point. He

contends that the petitioner has no capital investment in the properties, and, therefore, has nothing to recover by way of depreciation. He further states that the petitioner has been allowed all deductions to which it is entitled, including all expenses of repairing and maintaining the property in good condition and all costs of renewals. He further states that the lessors will not suffer loss from depreciation on their properties and are not entitled to deductions for depreciation. His argument in support of this statement is that the loss from depreciation can not fall upon the lessors since the petitioner, as lessee, is required to maintain every part of the properties in good condition and make all necessary repairs and renewals of the same. Therefore he concludes that, since neither the petitioner nor the lessors are entitled to depreciation, he erred in allowing any depreciation in determining the deficiency.

Section 214 (a) (8) of the Revenue Act of 1926 and section 23 (k) of the Revenue Act of 1928 authorize the deduction of " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." This provision in the latter act is captioned " Depreciation." The basis for computing the deduction, as provided in these statutes, is the same as the basis for gain or loss upon the sale or other disposition of the property. Sec. 204, Revenue Act of 1926; secs. 23 (m) and 114 (a), Revenue Act of 1928. That basis is cost, if the property was acquired by the taxpayer after March 1, 1913, or cost or value on March 1, 1913, whichever is greater, in case the property was acquired by the taxpayer before March 1, 1913. Sec. 204, Revenue Act of 1926; sec. 113, Revenue Act of 1928.

The petitioner is not entitled to any deduction for depreciation on the properties under these statutes. *Weiss* v. *Wiener*, 279 U. S. 333. It does not own the properties and they have no basis for gain or loss and, consequently, no basis for depreciation in its hands. The lessors are the owners and, if any one is entitled to depreciation on the properties, it is the lessors and not the petitioner. *Ohio-Clover Leaf Dairy Co.*, 13 B. T. A. 1320; affd., 41 Fed. (2d) 1009; *Belt Railway Co. of Chicago*, 9 B. T. A. 304; affd., 36 Fed. (2d) 541; certiorari denied, 281 U. S. 742; *Tunnel Railroad Co.* v. *Commissioner*, 61 Fed. (2d) 166; certiorari denied, 288 U. S. 604.

However, it appears that the lessors joined with the petitioner in a consolidated return for each of the years and the petitioner is liable for the total tax including the deficiencies. The Commissioner may not succeed in having the deficiencies increased unless the evidence shows that the lessors are not entitled to deductions for depreciation of the properties, that is, if the Commissioner's only mistake was to allow the deductions for depreciation to the petitioner instead of to its subsidiaries, then that mistake is not a sound rea-

son for increasing the deficiencies computed on a consolidated return basis. If the situation were reversed, that is, if the Commissioner, in the determination of the deficiency, had added an item to income as shown on the consolidated return, the petitioner could not have the deficiency reduced by merely showing that it had had no such item of income, particularly if the evidence left a possible inference that the item might have been income to the subsidiary companies included in the same consolidated return. The Commissioner, the moving party here, is under no less a burden to show that the deficiency should be increased. The evidence does not go so far as to show that the lessors were not entitled to some deduction for depreciation.

The petitioner, as lessee, was required to maintain and keep the premises and every part thereof in good condition and to make all necessary repairs. But such a requirement, even if fulfilled, would not completely offset the gradual wearing out of the properties. *Terminal Realty Corporation*, 32 B. T. A. 623. The petitioner was also required to make all necessary renewals of the leased premises. The meaning of this term "renewals", as used in the lease, is not entirely clear. It may have been intended by the parties to refer to ordinary renewals of a more or less minor character which clearly would not completely offset depreciation. The Commissioner allowed deductions as ordinary and necessary expenses for the actual expenditures made by the lessee, which would indicate that the renewals were of a minor character. One of the properties involved was a bridge over the Mississippi River. It seems at least doubtful whether the use of the word "renewals" in the lease would require the petitioner to replace the present bridge. The Commissioner has not shown that the lessors were not entitled to deductions for wear and tear. But, however that may be, there is no provision in the lease which would obviously completely compensate the lessors for the loss growing out of the obsolescence of their properties. There is nothing in the evidence to show that the deductions in question were not in proper amounts. Neither the cost nor the probable useful life of any property has been shown. The evidence does not show that in the consolidated returns the deductions for depreciation were improper. Consequently, the evidence does not show that the deficiencies were too small on this account.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

ARUNDELL, dissenting: The petitioner herein is the lessee of property of another railroad, all of whose stock it owns and with whom it has joined in the filing of a consolidated return. The petitioner

910

deducted in its returns depreciation on the leased property and originally the Commissioner allowed the deduction. In these proceedings the Commissioner has raised as an affirmative issue the validity of this deduction. The majority opinion, while conceding the correctness of the Commissioner's position that the petitioner as the lessee of property is not entitled to a deduction for depreciation thereon (*Weiss* v. *Wiener*, 279 U. S. 333), nevertheless refuses to allow the resulting deficiency because, as it is stated, the Commissioner does not carry his burden further and establish that the lessor likewise is not entitled to depreciation. The petitioner did not contend originally and does not contend in these proceedings that the lessor is entitled to depreciation and in view of the decisions in *Georgia Railway & Electric Co.* v. *Commissioner*, 77 Fed. (2d) 897, and *Commissioner* v. *Terre Haute Electric Co.*, 67 Fed. (2d) 697, it would seem at least doubtful whether the lessor would be entitled to deductions for depreciation. At any rate, there is no showing that the deductions, if allowable, would be in the same amounts as claimed by the lessee. The respondent has met his burden of proof when he shows that the petitioner is not entitled to the deductions claimed and allowed, and the majority opinion carries the burden too far. The Commissioner should prevail.

LEECH, TURNER, and TYSON agree with this dissent.