C. M. MENZIES, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES M. MENZIES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 76147, 76148. Promulgated March 20, 1936.

*H. J. Kleefisch, Esq.,* for the petitioners.
*C. P. Reilly, Esq.,* for the respondent.

164

OPINION.

Leech: The respondent determined that the disposition of all the assets of the corporate petitioner in 1931 to the individual petitioner was not a sale but constituted a distribution in liquidation by the corporation. He determined a taxable profit to the individual petitioner, Charles M. Menzies, of $55,857.47, by subtracting the basis for his corporate stock from the book value of the assets transferred. The pending deficiency against Menzies resulted.

Petitioner Menzies maintains that such disposition was a valid, bona fide sale of the corporate assets to him.

The Revenue Act of 1928, section 115 (c),[1] is applicable. A corporate liquidation may involve one or more sales of corporate assets in reducing them to a form in which its debts may be satisfied and the balance distributed to its shareholders. True, when an alleged sale to a controlling shareholder of all the assets of a corporation occurs, as here, followed by actual liquidation of the corporation and distribution of any remaining balance of the consideration re-

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(c) *Distributions in liquidation.*—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. In the case of amounts distributed in partial liquidation (other than a distribution within the provisions of section 112 (h) of stock or securities in connection with a reorganization) the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subsection (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation.

ceived in such transaction, the courts and this Board ignore such so-called sales and treat such a disposition of corporate assets as a distribution in liquidation. *Cook* v. *United States*, 3 Fed. Supp. 47; *Benjamin H. Read*, 6 B. T. A. 407. But here there was no such distribution unless the alleged sale, itself, is so characterized.

A distribution of corporate assets in liquidation differs widely from a sale of such assets. The liquidation of a corporation is the process of winding up its affairs, realizing its assets, paying its debts, and distributing to its stockholders, as such, the balance remaining. *W. E. Guild*, 19 B. T. A. 1186; *Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280; *In re Union Bank of Brooklyn*, 161 N. Y. S. 29. Cf. *Canal-Commercial Trust & Savings Bank* v. *Commissioner*, 63 Fed. (2d) 619. Such distribution is a conveyance to a stockholder in satisfaction of his right, possessed through ownership of stock, to participate in the assets of the corporation upon its liquidation, after the corporate debts are satisfied. The transferor receives nothing. It simply conveys to the stockholder something to which he has a right. A sale, on the other hand, is a transfer of property for a price which is received by the seller. The receipt of a price for the transfer is essential. *Hatch* v. *Oil Co.*, 100 U. S. 124.

It necessarily follows that a mere transfer of property by a corporation, even to its majority stockholder, who pays an adequate consideration therefor, which is received by and actually becomes the property of the corporation, does not constitute a liquidating distribution within the intendment of the applicable statute. *Fostoria Milling & Grain Co.*, 11 B. T. A. 1401. Petitioner Menzies owned more than 90 percent of the stock of the corporate petitioner. But that circumstance does not preclude recognition here of both as separate entities. *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415. No legal barrier compels the construction of the contested transaction as a distribution in liquidation despite its proper purpose of reducing expenses of operation and taxes. *Gregory* v. *Helvering*, 293 U. S. 465. Whether the questioned disposition of assets was a sale or a distribution in statutory liquidation is thus entirely factual. *Frelmort Realty Corporation*, 29 B. T. A. 181.

The corporate resolution authorizing the alleged sale expressed no intention to liquidate the corporation. The corporate income tax return filed some nine months later stated: "The corporation was abandoned after said disposal of net assets." And, that return disclosed neither assets nor liabilities. But the inferences from those statements are not conclusive. *Mitchell* v. *Doyle*, 247 U. S. 179. The fact controls the inference. *Weiss* v. *Wiener*, 279 U. S. 333. Cor-

porate income and franchise taxes have been paid in each year since 1931, except income taxes for 1932 when a small loss was sustained. The corporate failure for two years to transact any business other than that incident to its only asset, the Menzies note, is not decisive of liquidation on this record. Nor is a change of business and assets without more than here disclosed. Cf. *Canaday, Inc.* v. *Commissioner*, 76 Fed. (2d) 278, affirming 29 B. T. A. 355; certiorari denied, 296 U. S. 612. The corporation, in fact, was not dissolved. No steps to dissolve have ever been taken. It was not abandoned. It still exists.

The corporate resolution, under the authority of which Menzies acquired its assets, designated that disposition as a sale. Menzies' note given to the corporation as part of the consideration for the assets was without interest. Only small payments on account of interest were made during the two years following the giving of the note. But those facts certainly do not characterize the original note as worthless at any time. And, any possible inference that it was worthless—a mere form—is conclusively answered by the relevant and significant later sequence of events. Cf. *Commonwealth* v. *Dyer*, 74 Fed. (2d) 685. Payments on account of interest were made consistently, beginning before July 1, 1932. Substantial payments on the principal were made June 30, 1933, and March 29, 1934. Within four years from the date of the original note, it was paid in full, with interest due, by its maker. Those facts are not seriously controverted. The corporation leased to Menzies some of the real estate received in satisfaction of the note, returned the amounts paid in lieu of rents, as income, when received and paid the tax thereon.

We conclude the corporation was not liquidated, the contested disposition of its assets was not a distribution in its liquidation within the statute, but was a bona fide sale for an adequate consideration.

The corporate deficiency involved in the proceeding, consolidated herewith, arose upon respondent's disallowance of a deduction of an addition to bad debt reserve. The corporation in its return deducted no loss on the contested disposition of assets. But the book value of the corporate assets, the amount of which was part of the consideration for the disputed sale, apparently included this reserve as a corporate liability. In any event, respondent stipulated at the hearing that, if the disposition of the corporate assets was held to be a sale, then the corporate petitioner sustained a deductible loss on that sale in the amount of that reserve. Effect will be given to that stipulation on recomputation of the corporate deficiency.

Reviewed by the Board.

*Decision will be entered under Rule 50.*