### CARRANO v. COMMISSIONER OF INTERNAL REVENUE.
### No. 264.

Circuit Court of Appeals, Second Circuit.
April 9, 1934.

320

Francis W. Cole, of Hartford, Conn. (Robinson, Robinson & Cole, John C. Parsons, and William W. Fisher, all of Hartford, Conn., of counsel), for appellant.

Helen R. Carloss, of Washington, D. C., Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Francis H. Horan, Sp. Assts. to the Atty. Gen., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

■ This appeal concerns the income taxes of the taxpayer for the year 1928. He was then the owner of two parcels of real estate in Hartford, Connecticut, which he had held since before March 1, 1913. They faced upon a street which the city wished to widen, and the "Court of Common Council" condemned the front portion of each, leaving the rear untouched. An award was made for each parcel; it consisted of the value of the part actually taken, and the damages done to what was left, but how the amount was allocated between the two does not appear. The "Court of Common Council" also levied an assessment upon the rear portions, equal to the supposed benefit resulting to them from the street widening. The city paid the taxpayer the difference between the award and the assessment, which in each case amounted to more than the "basis" of the whole parcel on March 1, 1913. The question is how the gain shall be computed. The Commissioner subtracted from the whole award the "basis" as of March 1, 1913, altogether disregarding the assessment. This left the assessment as "basis," when the remainder of the parcel should be sold in the future. This ruling the Board affirmed. The taxpayer argues that the assessment should be either deducted from the award on the ground that he never received more than the difference, or added to the "basis" as of March 1, 1913, on the ground that it had become part of the cost of the property when the award was paid. The result is the same by either method. Neither party asks that the gain shall be computed by dividing the award and the "basis" as of March 1, 1913, between the front which was taken and the rear which was not, and the figures are not at hand from which this could be done. We reserve the question whether this is the proper way, and decide the dispute as it is presented. So far as any one has been able to learn, the point as presented is res nova in the courts, though the Board has several times held that a benefit assessment paid by the owner may be added to his "basis," a conclusion which indeed seems to follow from section 23 (c) (3) of the Revenue Act of 1928 (26 USCA § 2023 (c) (3), and which we approve. In re Champion Coated Paper Co. v. Com'r, 10 B. T. A. 433, 445–447; In re F. M. Hubbell Son & Co. v. Com'r, 19 B. T. A. 612, 615, affirmed F. M. Hubbell Son & Co. v. Burnet (C. C. A.) 51 F.(2d) 644, without consideration of this point; Klein, Federal Income Taxation, 342.

■ The question is only as to when the expenditure is to be brought into the reckoning, and could not arise if the original "basis" were greater than the award. The taxpayer would then have nothing to pay, and the assessment would remain to swell whatever was left of the original "basis," when the property was sold. But here the award was greater than the "basis," even after the assessment

was added; and if it is not deducted, the present "gain" is greater, and the future "gain," if there is one, will be less. We are disposed to go along with the Board in holding that the whole award is to be considered as received by the taxpayer, that part of it not received in cash having been used to pay a lawful liability, the assessment. Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 729–731, 49 S. Ct. 499, 73 L. Ed. 918; United States v. Boston & Maine R. R., 279 U. S. 732, 49 S. Ct. 505, 73 L. Ed. 929; U. S. v. Mahoning Coal R. Co., 51 F.(2d) 208 (C. C. A. 6). On the other hand, it appears to us that this payment should be treated as immediately added to the original "basis." Although the assessment was not an added cost until paid, it became cost at the moment when it was set off against the award. Receipt and payment were simultaneous; it is as false to say that the award was paid before it was expended, as that it was expended before it was paid. · We cannot solve this by recourse to the burden of proof; the dilemma does not arise from failure of evidence which might be forthcoming; it is a question as to what liability arises from facts completely known. As to issues of fact the taxpayer has access to all the evidence and it is just to charge him with proving whatever is necessary to upset the Commissioner's findings; but no such consideration is appropriate to the question of law, whether liability exists upon facts fully known. On that the Commissioner's ruling should have no presumptive validity, and so far as we know has never been held to have; the Treasury, like any other party who has the affirmative, loses, when the answer is 'in balance. The doctrine applicable is somewhat akin to the canon of statutory construction which takes all doubts in the taxpayer's favor. Crooks v. Harrelson, 282 U. S. 55, 61, 51 S. Ct. 49, 75 L. Ed. 156. In this instance the "gain" in dispute could arise only on the hypothesis that so much of the award as paid the assessment was received before the assessment itself was paid. This was demonstrably not the case; it was received at the same time. Thus it does not affirmatively appear to be a taxable "gain" at all, and the taxpayer wins. Moreover, this is the direct and natural way to look at the transaction. The taxpayer has "gained" only what he has received above his cost; so far as his award has been cancelled by the assessment, it is not a "gain" at all, it is instantly absorbed by a new cost which arises and is paid without allowing him even a momentary possession of the "gain."

Order reversed; deficiency expunged.