## CHRISTIAN GANAHL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8307.

Circuit Court of Appeals, Ninth Circuit.
July 12, 1937.

Claude I. Parker, John B. Milliken, and Bayley Kohlmeier, all of Los Angeles, Cal.

**344**

(L. A. Luce, of Washington, D. C., of counsel), for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Harry Marselli, and Ellis N. Slack, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

MATHEWS, Circuit Judge.

Petitioner seeks reversal of a decision of the Board of Tax Appeals which determined that there was a deficiency of $7,-946.17 in respect of petitioner's income tax for 1929. The facts were stipulated and, briefly stated, are as follows:

Petitioner owned a tract of land consisting of four lots, designated B, C, D and E, in Los Angeles, Cal. A portion of this tract was condemned and taken by the city of Los Angeles for a street extension project, under the Street Opening Act of 1903, California Statutes, 1903, p. 376 (as amended). The condemned portion of the tract was in lots D and E. It adjoined, but included no part of, lots B and C. The uncondemned portions of the tract are still owned by petitioner.

For the condemned portion of the tract, the judgment in the condemnation proceeding purported to award petitioner $206,280.13 [1] and, for the payment thereof, levied assessments aggregating $206,280.-13, of which $75,413.93 was assessed against the uncondemned portions of the same tract.[2] Deducting the assessment of $75,-413.93 from the purported award of $206,-280.13, it is seen that the net award—the only amount actually awarded petitioner—was $130,866.20.

Petitioner never paid the assessment of $75,413.93 or any part thereof, but "satisfied" it by signing receipts which acknowledged that $75,413.93 of the purported award of $206,280.13 had been paid by the city to petitioner, a payment which, in fact, was never made. Thereafter, on January 23, 1929, the amount actually awarded, $130,866.20, was paid by the city to petitioner. No other or further payment was ever made.

In its income tax return for 1929, petitioner reported, correctly, that it had received for the condemned property $130,-866.20. From this amount petitioner deducted what it claimed to be the cost basis of the condemned property and reported the balance as taxable gain. Respondent, the Commissioner of Internal Revenue, held, contrary to the fact, that petitioner had received for the condemned property the full amount of the purported award, $206,-280.13. From this amount he deducted what he claimed to be the cost basis of the condemned property,[3] treated the balance as taxable gain and, accordingly, determined that there was a deficiency in respect of petitioner's income tax for 1929. The Commissioner's holding that petitioner received the full amount of the purported award, and that its tax should be computed on that basis, was sustained by the Board. In this the Board erred.

This court's decision in Wolf v. Commissioner (C.C.A.9) 77 F.(2d) 455, from which, in principle, this case is indistinguishable, is controlling. See, also, Carrano v. Commissioner (C.C.A.2) 70 F.(2d) 319.

The Board's decision is reversed, and the case is remanded for further proceedings in conformity with this opinion.

---

[1] The judgment purported to award $148,864.54 for the land taken, $32,663 for the buildings thereon, and $24,752.59 as "severance damage," being a total of $206,280.13.

[2] Of this amount, $24,189.01 was assessed against lots B and C, $10,149.30 against what remained to petitioner of lot D and $41,075.62 against what remained of lot E. The fact that the assessment was split up in this manner is of no consequence, since, as previously stated, all the lots belonged to petitioner.

[3] It is now stipulated that both petitioner and the Commissioner used wrong cost bases, and that the true cost basis of the condemned property, prior to and exclusive of the assessment, was $72,200, of which $60,800 was the cost basis of the condemned land, and $11,400 was the cost basis of the buildings thereon. As to these items, there is here no controversy.