**CENTRAL & PACIFIC IMPROVEMENT CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.**

No. 8251.

Circuit Court of Appeals, Ninth Circuit.

Sept. 13, 1937.

Loyd Wright, Charles E. Millikan, and Herschel B. Green, all of Los Angeles, Cal., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and J. Louis Monarch, Joseph M. Jones, and Harry Marselli, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

GARRECHT, Circuit Judge.

This case comes before the court on petition to review an order of the Board of Tax Appeals entered March 28, 1936, determining a deficiency in the income tax of petitioner for the year 1930 in the sum of $16,109.42.

The facts, stipulated to, are as follows:

The petitioner is a corporation organized under the laws of the state of California, having its principal place of business at 123 West Washington boulevard, Los Angeles, Cal.

During the month of November, 1913, petitioner acquired at a cost of $282,497.72 fee title to a certain parcel of real estate in Los Angeles, Cal., which is bounded on the north by Eighteenth street, on the west by Hill street, on the south by Washington boulevard, and on the east by an alley, said lot being 484.01 feet on the north, 349.35 feet on the west, 486.60 feet on the south, and 321.59 feet on the east. Within the above described limits is a parcel of land on the southwest corner of Hill street and Washington boulevard, which was not included in the purchase.

During the year 1930 the city of Los Angeles, by proper legal proceedings, opened Broadway street and condemned a right of way through said lot owned by the petitioner, running from Eighteenth street to Washington boulevard, said strip condemned being 88.07 feet in width on Eighteenth street and 88.42 feet in width on Washington boulevard. In said year the city of Los Angeles also, by proper legal proceedings, condemned a portion of said lot in so far as said lot extended along Washington boulevard to the extent of 20 feet in depth along the entire side of said lot. A special improvement district was created, and the condemnation and im-

provements hereinafter mentioned were part of its work.

In the year 1930 the city of Los Angeles, by order of court, awarded petitioner for the land taken from it in said condemnation proceeding the sum of $203,271.88. Petitioner received out of said award of $203,271.88 the sum of $34,321.86 in cash, the balance was applied as a credit on the assessments hereinafter referred to. The cost to the petitioner of the land taken in said condemnation proceeding was $72,357.29.

In the year 1930 the city of Los Angeles levied special assessments against petitioner on the remaining land owned by it in the above described parcel for the work of opening, widening, paving, and lighting in said assessment district in the sum of $155,164.28.

In the year 1931 the city of Los Angeles levied special assessments against petitioner on the remaining land owned by it in the above described parcel for the work of opening, widening, paving, and lighting in said assessment district in the sum of $8,057.30, which sum was paid by petitioner in the year 1931.

In the year 1930 the city of Los Angeles levied a special assessment against other property owned by the petitioner in said assessment district in the sum of $13,758.74. No part of the property with respect to which said assessment of $13,785.74 was levied was taken by the city of Los Angeles nor was any award made with respect thereto.

In 1930 the petitioner paid the special assessments of $155,164.28 and $13,785.74, above mentioned, aggregating $168,950.02, by the city of Los Angeles withholding said sum from said award of $203,271.88.

The deficiency against the petitioner results in part from the action of the Commissioner in treating the sum of $130,914.59, representing the difference between the amount awarded by the city of Los Angeles for land taken and the cost of such land as taxable gain.

Petitioner did not sell, exchange, or otherwise dispose of the above described property in 1930, except as stated.

The petitioner had the right either to collect its awards in full and permit the special assessments to go to bond payable over a period of years, or to apply the awards against the special assessments and receive the balance due. It chose the latter method.

The improvement district here concerned was very extensive. There were a great many property owners in the improvement district who had no property taken, but were required to pay special assessments.

The petitioner contends that, since the assessments were offset against the awards, the only income received by it in 1930 from the transaction was $34,321.86, which was further reduced by $8,057.30, the special assessment levied in 1931, and, as a consequence, all of the proceeds of the property involuntarily converted were expended in the acquisition of other property similar or related in service or use, except $26,264.55, which is less than the cost of the property taken.

The question is how the gain, if any, should be computed. In his determination of the deficiency the respondent taxed the petitioner on a gain of $130,914.59, a figure he reached by deducting the stipulated cost basis of the land condemned from the amount of the awards made therefor. The petitioner argues that it realized no taxable gain from the proceedings since its basis for the land taken, plus the assessments levied in 1930, exceeded the amount of the awards, and the cash of $34,321.86 received from the city was less than the cost of the land condemned.

This case falls squarely within the rule set down by this court in Wolf v. Commissioner of Internal Revenue, 77 F.(2d) 455, and followed in Christian Ganahl Company v. Commissioner of Internal Revenue, 91 F.(2d) 343, decided July 12, 1937, since the submission of this case. As the instant case cannot be distinguished upon the facts from these two cases, we are therefore compelled to reverse the order of the Board of Tax Appeals and remand the case for further proceedings not inconsistent herewith. See, also, Carrano v. Com'r (C.C.A.2) 70 F.(2d) 319.

Order reversed, and cause remanded.

HANEY, Circuit Judge (concurring).

The doctrine announced in Wolf v. Commissioner (C.C.A.9) 77 F.(2d) 455, controls the instant case. I concur in the result herein solely on that ground.

Respondent asks us to re-examine the case above cited. I believe we are not justified in doing so, because it has been

reaffirmed in Christian Ganahl Company v. Commissioner (C.C.A.9) 91 F.(2d) 343, July 12, 1937.