**AMERICAN SMELTING & REFINING CO.**
**v. UNITED STATES.**
No. L-3345.

District Court, D. New Jersey.
June 14, 1941.

Charles K. Seaman, Jr., of Perth Amboy, N.J. (Ellsworth C. Alvord and Floyd F. Toomey, both of Washington, D.C., of counsel), for plaintiff.

William F. Smith, Acting U. S. Atty., of Newark, N.J., Thorn Lord, Asst. U. S. Atty., of Trenton, N.J., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Lester L. Gibson, Sp. Assts. to Atty. Gen., for the Government.

FORMAN, District Judge.

This is an action by the plaintiff, American Smelting and Refining Company, based upon the contention that it is entitled to a deduction in its return of income for the year 1925, and involving a claim for refund to the extent of the alleged deduction.

Plaintiff owned and controlled the American Smelting Securities Company up to its dissolution on January 31, 1923 by virtue of its ownership of all common stock. In addition, there were outstanding issues of Six Per Cent. Cumulative Preferred Stock, Series A, and Five Per

Cent. Cumulative Preferred Stock, Series B, both of the par value of $100 per share.

Pursuant to a plan of retirement, plaintiff issued its First Mortgage 30 Year Five Per Cent. Gold Bonds par for par for the Preferred Stock, Series B, and for each issue of Preferred Stock, Series A, an additional cash payment of $7.50 for each share thereof. Plaintiff claims that the securities received by it at all time sold on the New York Stock Exchange for at least $7.50 less than the face amount of the plaintiff's bonds, or less than the face amount of the plaintiff's bonds plus the cash payment of $7.50 where such cash payment was made.

On the theory that its bonds thus issued for property were issued at a discount of 7½%, plaintiff in its return for the year 1925 deducted the sum of $128,539.32 on account of amortization of alleged discount on the bonds. This deduction was disallowed by the Commissioner of Internal Revenue in his final determination of the taxpayer's return of income for the year in question, and the validity of his ruling in that respect is now before us for determination.

The plaintiff in this proceeding issued and exchanged its bonds for property, i. e., listed stocks of another corporation. The face amount of the bonds exceeded the fair market value of the property received as evidenced by the current quotations on the New York Stock Exchange. The plaintiff contends that the resulting difference represents a loss which should be amortized and deducted over the life of the bonds as in the case of an issuance of bonds for cash. The defendant contends that as a matter of law the amortization and deduction of such a loss is restricted to cases wherein bonds are issued for cash.

This problem has been raised before the Board of Tax Appeals in the cases of Carding Gill v. Commissioner, 38 B.T.A. 669, Southern Ry. Co. v. Commissioner, 27 B.T.A. 673, The New York, Chicago & St. Louis R. Co. v. Commissioner, 23 B.T.A. 177, Kansas City Southern Ry. Co. v. Commissioner, 22 B.T.A. 949. In each of these cases, however, the issue was avoided on the ground of lack of proof with respect to the value of the property received by the taxpayer. In the case of Kansas City Southern Ry. Co. v. Commissioner, supra, doubt was expressed that the term "discount" could be applied to anything but an exchange of securities for cash. This doubt, however, is dispelled in the later case of Carding Gill v. Commissioner, supra, wherein it may be inferred that the contention of the taxpayer would have received favorable consideration were it not for a deficiency in proof with respect to the value of the property received in exchange for the securities of the taxpayer.

Since the above cases before the Board of Tax Appeals, the court in the case of Dodge Bros, Inc. v. United States, D. C., 33 F.Supp. 312, affirmed Dodge Bros, Inc. v. United States, 4 Cir., 118 F.2d 95, has made the following pertinent observations: "The basis on which bond discount is permitted to be deducted from gross income in income tax accounting is that it constitutes in effect additional interest over the rates specified in the bonds, and is thus an added expense in the conduct of business. When interest bearing bonds or debentures, the principal of which is payable in the future, are issued for money in an amount less than the principal of the bonds or debentures, it is obvious that the borrower will sustain a definite and certain loss, if it remains solvent, in the amount of the difference between the sum received and the principal value of the obligation. The difference is commonly called discount and when amortized over the life of the bond issue is in effect added interest. The Treasury Regulations recognize this and permit amortization in proper amount, and this practice has been definitely approved in many court cases. Helvering v. Union Pac. R. Co., 293 U.S. 282, 55 S.Ct. 165, 79 L.Ed. 363; American Gas & Elec. Co. v. Commissioner, 2 Cir., 85 F.2d 527, 529, 530; Western Maryland Ry. Co. v. Commissioner, 4 Cir., 33 F.2d 695, 697; San Joaquin Light & Power Corp. v. McLaughlin, 9 Cir., 65 F.2d 677, 679. But when, as in this case, the bonds are issued for property a different situation results, because in that case it is not certain whether the transaction will involve a loss until the property so acquired is disposed of. The only immediate tax effect is to fix the cost basis of the property to the taxpayer. The income tax law is ordinarily concerned only with realized losses and gains. Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010; Burnet v. Huff, 288 U.S. 156, 53 S.Ct. 330, 77 L.Ed. 670; United States v. S. S. White Dental Co., 274 U.S. 398, 401, 47 S.Ct. 598, 71 L.Ed. 1120; Weiss v. Wiener, 279 U.S.

333, 335, 49 S.Ct. 337, 73 L.Ed. 720. Counsel have not been able to refer me to any decided cases allowing amortization of alleged bond discount where the bonds were issued for property and not for cash.[8] It is at least doubtful whether bond discount can be amortized in any case where the bonds are issued for tangible property (at least prior to final disposition of the property). There seems to be no express decision on this point although a number of cases cited for the defendant tend to negative the proposition. New York, C. & St. L. R. Co. v. Commissioner, 23 B.T.A. 177, 196, affirmed 62 App.D.C. 29, 64 F.2d 152, 154; Southern Ry. Co. v. Commissioner, 27 B.T.A. 673, 689, affirmed in part and reversed in part on other grounds, 4 Cir., 74 F.2d 887. It is, however, unnecessary to decide that point in this case because the evidence clearly shows that the value of the property received was materially in excess of the face amount of the debentures * * *." 33 F.Supp. 312, 322, 323.

On appeal the court refused to permit amortization of the claimed discount on the ground that the evidence did not reveal the existence of discount. Limiting the term discount to mean "quasi interest", the court observed that the securities of the plaintiff found a ready market netting a handsome profit to the underwriting groups, and that this fact was inconsistent with circumstances that might compel a corporation to discount its securities in an effort to secure for them a ready market. It stated, however, that it was "not prepared to lay down any universal proposition that where

bonds are issued for property, a reasonably estimated discount may never be taken as an amortized deduction". Dodge Bros, Inc. v. United States, 4 Cir., 118 F.2d 95, 103.

█ Revenue measures and Regulations pursuant thereto authorizing the deduction of losses do not contemplate mere fluctuation in value of property, but require that the losses be actually sustained during the taxable year and that they be manifested by a "closed transaction" or an "identifiable event" which determines the existence of and the amount of the loss, Burnet v. Huff, 288 U.S. 156, 53 S.Ct. 330, 77 L.Ed. 670, Weiss v. Wiener, 279 U.S. 333, 49 S.Ct. 337, 73 L.Ed. 720; United States v. White Dental Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120. In addition, income tax law is concerned only with realized losses and with realized gains. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010.

The plaintiff contends that the basic error in the conclusion of the court in the case of Dodge Bros, Inc. v. United States, supra, was the failure to recognize that the exchange of bonds for stock at a loss constituted a closed transaction at the time of the exchange.

█ Even in the case of an issue of securities for cash, a loss is not suffered at that time as it only comes out of the taxpayer's pocket upon redemption of the securities at maturity. The transaction, however, contemplates a loss definite in amount and date, and where the taxpayer's books are kept upon the accrual basis, its

---

"[8] Counsel for the taxpayer refer to a Treasury Office Decision, 959, reported in Cum.Bull. 4, p. 129, January to June 1921, to the effect that if bonds were issued for property having a fair market value less than the par value of the bonds, the latter may be treated as issued at a discount equal to the difference. [Plaintiff in the case at bar also relies on that decision which provides in full as follows:

"The sole proprietor of an unincorporated business issued mortgage bonds, some of them were traded for Liberty bonds which had a market value less than par, but which were taken at their par value. There were trustees' expenses and agents' commissions incident to the selling of the bonds.

"It is held that when he exchanged the mortgage bonds for Liberty bonds, he in effect disposed of the bonds at a discount, the amount of which is represented by

the difference between the par value of his bonds and the fair market value of the Liberty bonds when taken in exchange therefor. Such discount is deductible and should be prorated or amortized over the life of the bonds. The difference between the fair market value of the Liberty bonds at the time they were acquired and the amount received for them when they were disposed of represents the gain or loss from the transaction, as the case may be, which should be reported in the return for the taxable year in which they were sold or otherwise disposed of. The trustees' expenses and agents' commissions incident to the floating of the bonds constitute a deductible expense which should be prorated over the life of the bonds."]

"It does not appear, however, there has ever been any Treasury Regulation to this effect or that there has been consistent practice in the Department in accordance with that decision."

final disbursement may be anticipated by amortization over the life of the securities. Helvering v. Union Pacific R. Co., 293 U.S. 282, 55 S.Ct. 165, 79 L.Ed. 363. We feel that this exception depends upon the unusual stability of the value of the cash received, and until this court is presented with facts involving an exchange of securities for property, the value of which has stability equal to that of cash, we would be unwarranted in closing the transaction as of the date of the exchange as suggested by plaintiff.

 We are also of the opinion that plaintiff has failed to prove the issuance of securities for property at a discount within the limited meaning of that term as expressed by the appellate court in the case of Dodge Bros, Inc. v. United States, supra. Herein, as in that case proof was offered to establish the market value of the property received by the taxpayer in exchange for its securities. Proof that there is a difference between those values does not ipso facto establish "quasi interest", because that difference could be attributed to a variety of circumstances totally unrelated to facts which might compel a corporation to discount securities in an effort to secure for them a ready market.

The complaint will be dismissed upon the submission of an appropriate order.