CALLANAN ROAD IMPROVEMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13303.    Promulgated July 3, 1928.

*William O'Brien, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

SIEFKIN: Does a corporation sustain a loss upon the payment of a dividend in property which cost it more than the value at the time of payment to the stockholders? If the corporation had sold the bonds in question at the market price on February 14, 1921, there would be no question as to the deductibility of the loss. Instead of selling the bonds, however, it discharged an obligation of $10,636.80 with bonds of that market value. That there was a legal obligation as soon as the dividend was declared out of surplus see paragraph 3653, *Fletcher Cyclopedia of Corporations* and cases cited; also, *W. E. Caldwell & Co., Inc.*, 6 B. T. A. 47. The situation is not governed by the principles involved in those cases in which we have decided, as in *Independent Brewing Co. of Pittsburgh*, 4 B. T. A. 870, that a corporation does not realize taxable income or a loss from the purchase or sale of its own bonds. Here we have a realization of the loss through complete disposition of certain assets of the corporation. The position of the stockholders as to whose stock dividend is voted is no different from that of general creditors. When the dividend of $12,000 was declared, the corporation could not satisfy the legal demands of the stockholders by the delivery to them of $10,636.80 worth of Liberty bonds. The corporation thus parted with assets which cost it $12,000 and discharged its obligation for $10,636.80. We do not believe that *Bowers* v. *Kerbaugh-Empire Co.* 271 U. S. 170, announces a rule of law that is inconsistent with our holding, as we do, that a loss was sustained. That decision holds that no income resulted on discharge of indebtedness in a case where the entire transaction resulted in a loss. In this proceeding the loss was no less real because the disposition was made to stockholders.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*