## FIRST SAV. BANK OF OGDEN v. BURNET.

### No. 5189.

Court of Appeals of District of Columbia.

Argued Oct. 13, 1931.

Decided Nov. 2, 1931.

J. Robert Sherrod and John C. Ristine, both of Washington, D. C., for appellant.

C. M. Charest and John MacC. Hudson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from a decision of the board involving income and profits taxes for the calendar years 1922 and 1923, reported in 17 B. T. A. 804.

The appellant is a Utah banking corporation. In September, 1922, it had among its assets 9,526 shares of common stock of the Amalgamated Sugar Company. This had been acquired at various times subsequent to 1913, at a total cost of $108,501.14, but at the times now in question its total market value was only $36,196.80.

On September 30, 1922, the bank delivered the stock to certain trustees with authority to sell the same and divide the proceeds ratably among the bank's stockholders. But on October 17, 1922, no such sale having been made, the bank authorized and directed the trustees to deliver 9,000 shares of the stock in kind as a dividend pro rata to the bank's stockholders. No cash dividend had been declared by the bank as part of this transaction.

On November 11, 1922, in accordance with this authorization, the trustees transferred and delivered 9,000 shares of the stock to the bank's stockholders pro rata. At these times the earned surplus and undivided profits of the bank were greater than the book value or original cost of the shares thus transferred, and the bank charged off against that fund the sum of $72,304.34, entering the cost of the transferred stock at $108,501.14, and the market value thereof at $36,196.80.

The bank claims that when it transferred the stock to its stockholders it suffered a loss of $72,304.34, as the difference between the cost of the stock and its market value when so transferred, and that it is entitled to a deduction of that amount in its income tax returns for the appropriate years.

This claim was disallowed by the commissioner, and corresponding delinquencies were assessed against the bank. On appeal, the Board of Tax Appeals sustained the commissioner.

The conclusion of the board is stated by it in the following terms: "Where the evidence shows that a going corporation, owning stock in another corporation, which stock represents in part earnings and surplus accumulated since February 28, 1913, does not sell such stock, but distributes the same in kind to its stockholders, no deductible loss is sustained, although the market value of such stock at date of distribution is less than it cost the owning corporation."

We agree with the board's decision. The following provisions of the Revenue Act of 1921 (42 Stat. 227, 229, 254–255) are controlling:

"Sec. 234 (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year, and not compensated for by insurance or otherwise. * * * "

"Sec. 202 (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property. * * * "

Accordingly, in order to prove a deductible loss in this instance the appellant must show that the loss was sustained either from "a sale or other disposition" of the stock which was transferred. It is plain that no actual sale was made of the stock, for there was no price agreed upon or paid for it, and the transaction was no more than a distribution of the stock in kind as a dividend to the bank's stockholders.

The question remains whether the transfer, even if not a sale, responds to the description of "other disposition of property," as employed in the statute. This question is not free from doubt, but we feel constrained to hold that the rule of ejusdem generis is applicable in construing the phrase, and that it relates only to such dispositions of prop-

erty as are like sales. The transfer in question was not of this kind for the stockholders of the bank paid no consideration for the stock received by them, nor was it received in payment of any cash dividend previously declared by the bank. This conclusion is consistent with the prior decisions of the board in similar cases, and with all of the regulations promulgated by the Treasury Department since the year 1918.

In the Revenue Act of 1918, § 202(a) (40 Stat. 1057, 1060), it is enacted that "for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be \* \* \*." This language is identical with the corresponding provisions in the revenue acts of 1921, 1924, 1926, and 1928, respectively. Article 547 of Treasury Regulations 45, promulgated under the Revenue Act of 1918, reads in part as follows: "No gain or loss is realized by a corporation from the mere distribution of its assets in kind upon dissolution, however they may have appreciated or depreciated in value since their acquisition." The same provision occurs in article 548 of Regulations 62, Revenue Act of 1921; in article 548 of Regulations 65, Revenue Act of 1924; and in article 548 of Regulations 69, Revenue Act of 1926. No difference exists in principle between mere distributions of assets by corporations in dissolution, and by those not in dissolution. In both instances alike such assets are merely distributed among the stockholders of the corporation without the payment of any consideration therefor, and without the prior declaration of any cash dividend in payment of which the distribution is made. The regulations of the Treasury Department, accordingly, have been consistently opposed to the claim advanced by the appellant. "It is the settled rule that the practical interpretation of an ambiguous or doubtful statute that has been acted upon by officials charged with its administration will not be disturbed except for weighty reasons." Brewster v. Gage, 280 U. S. 327, 336, 50 S. Ct. 115, 117, 74 L. Ed. 457.

It is true that the rule hereby adopted leads to an anomalous result, inasmuch as appellant at the time of transferring the stock had suffered an actual loss of value measured by the difference between the cost of the transferred stock and its then market price, for which no deduction is allowed. But, on the other hand, according to the same rule if the transferred stock had enhanced in value between its purchase and transfer no taxable gain would have been charged against the corporation because of that fact. Moreover, the income tax laws do not profess to embody perfect economic theory. They have their own criteria which at times look to certain rather severe tests of liability and exemption. Weiss v. Weiner, 279 U. S. 333, 337, 49 S. Ct. 337, 73 L. Ed. 720.

For prior board opinions consistent with our conclusion herein, see Hollenberg Music Co. v. Commissioner, 6 B. T. A. 421; Callanan Road Imp. Co. v. Commissioner, 12 B. T. A. 1109; Bacon-McMillan Veneer Co. v. Commissioner, 20 B. T. A. 556.

The decision of the board is affirmed.