## COMMISSIONER OF INTERNAL REVENUE v. COLUMBIA PACIFIC SHIPPING CO.

### No. 7559.

Circuit Court of Appeals, Ninth Circuit.

May 20, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Frederick W. Dewart, Sp. Assts. to the Atty. Gen., for petitioner.

M. M. Matthiessen and Erskine Wood, both of Portland, Or., for respondent.

Before WILBUR and DENMAN, Circuit Judges, and LOUDERBACK, District Judge.

WILBUR, Circuit Judge.

The Commissioner petitions for a review of the decision by the Board of Tax Appeals. The question involved is whether or not the respondent realized taxable income from the increase in value of 1,675 shares of capital stock of Steamship Jefferson Myers, Inc., owned by respondent, which was distributed by it by way of dividend to the sole stockholder of the respondent, the China Pacific Company. It is conceded by the respondent that, if it had declared a dividend payable in cash and had satisfied that dividend by a transfer of the shares of stock in question, by reason of such transfer there would have been a realization of gain due to the increase of the value of this stock which would be taxable under the doctrine announced by this court in Flynn v. Haas Bros., 20 F.(2d) 510, 511. The respondent, however, contends that, as the resolution [1] declaring the dividend also provided for its payment in part by the distribution of the shares of stock in question, the principle enunciated in First Savings Bank of Ogden v. Burnet, 60 App. D. C. 307, 53 F.(2d) 919, 920, 82 A. L. R. 549, applies; that is, that a declaration of a stock dividend of the stock of another corporation owned by the corporation declaring the dividend is not such a transfer of that stock as results in either a realizable loss or gain. The petitioner concedes that in such case there would be no taxable gain or loss, but contends that the resolution declaring the dividend in the case at bar should be construed as creating an obligation payable in cash and providing for the application of the stock to the payment of that cash dividend, and that this use by the corporation of the stock resulted in a realized gain taxable as income. We see no reason why the resolution should not be treated as an entirety and, so far as the stock is concerned, as a distribution of the shares of stock to its stockholder rather than as a declaration of a dividend of money to be paid by transfer of stock. This was the view of the Board of Tax Appeals in General Utilities & Operating Co. v. Commissioner, 29 B. T. A. 934, 939, as well as in the case at bar. Its ruling in General Utilities, etc., Co. v. Commissioner, supra, was affirmed by the Circuit Court of Appeals for the Fourth Circuit January 8, 1935, in Helvering v. General Utilities & Operating Co., 74 F.(2d) 972. We see no reason to doubt the correctness of this decision.

Order affirmed.

---

[1] Resolved that the sum of six hundred nineteen thousand, seven hundred sixty dollars ($619,760.00) be and it is appropriated and set aside from the surplus profits of the company for the payment of a ten hundred sixteen per cent (1,016%) dividend upon its outstanding capital stock, said dividend to be due and payable on May 16, 1928, to the China Pacific Company, which is the sole legal owner of all of the capital stock of the company, except the directors' qualifying shares, and is the beneficial owner of these shares also, and therefore entitled to the entire dividend.

Resolved further that said dividend be settled in the following manner:

(a) By the transfer to China Pacific Company of the accounts receivable as at February 29, 1928, from the SS "Peter Kerr" and owners, sixty-one thousand seven hundred forty dollars twenty-seven cents ($61,740.27); and from SS "Eastern Knight" and owners, eighty-eight thousand, one hundred sixty-seven dollars seventy-two cents ($88,167.72).

(b) By the transfer to China Pacific Company of sixteen hundred seventy-five (1,675) shares of the capital stock of Steamship Jefferson Myers, Inc.

(c) By cash payment to China Pacific Company of three hundred two thousand, three hundred fifty-two dollars one cent ($302,352.01).

Resolved further that the Treasurer of this company be and he is hereby authorized and directed to give notice of such dividend and to pay same when due.