NATURAL GASOLINE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41891.    Promulgated December 31, 1953.

*John E. McClure, Esq., Edward L. Updike, Esq.*, and *Charles W. Dohnalek, Esq.*, for the petitioner.

*John W. Alexander, Esq.*, for the respondent.

440

OPINION.

RAUM, *Judge:* The question before us is whether the distribution by petitioner of the Warren Petroleum Corporation stock as a divi-

dend to its stockholders was a transaction in which the petitioner realized a loss which is recognizable for tax purposes. The petitioner's argument is that the declaration of the dividend by the petitioner's board of directors created a monetary obligation to the stockholders which was satisfied by the distribution of the stock and a recognizable loss was suffered. The contention of the Commissioner is that it was intended at the outset that the Warren stock be distributed as a dividend and in such circumstances the distribution was not a transaction which produced tax consequences to petitioner. We agree with the Commissioner.

It has been established that if a corporation declares a cash dividend and satisfies the obligation which is created by such declaration by the distribution of property, the corporation can realize a recognizable gain or loss on the distribution (*Callanan Road Improvement Co.*, 12 B. T. A. 1109; cf. *Bacon-McMillan Veneer Co.*, 20 B. T. A. 556), but if the declaration of the dividend is in reality a declaration of a property dividend (even though in form declared in money but payable in property) and the property is later distributed, no taxable gain or loss is realized. *Columbia Pacific Shipping Co.*, 29 B. T. A. 964, affirmed 77 F. 2d 759 (C. A. 9) ; *General Utilities & Operating Co.*, 29 B. T. A. 934, reversed 74 F. 2d 972 (C. A. 4), reversed 296 U. S. 200. We must therefore consider the effect of the dividend resolution.

The resolution by petitioner's board of directors was as follows:

Resolved that there be paid out of the surplus or net profits of the Corporation a dividend of $210,000.00 on all the shares of common stock of the Corporation, said dividend to be payable immediately to holders of record of said stock at the close of business on December 21, 1948. Said dividend shall be payable pro rata in stock of Warren Petroleum Corporation to the extent of 5,800 shares of such stock of Warren Petroleum Corporation at a value of $21.25 per share adjusted by payment of cash to even shares, and the remainder of such dividend shall be payable in cash.

We find it difficult to perceive how the above resolution, read in its entirety, could be construed as obligating the corporation to distribute anything other than the 5,800 shares of stock referred to, valued at $21.25 per share, and the amount of cash necessary to bring the total distribution to $210,000. Although the stipulated fair market value of the stock on December 22, 1948, the date of the dividend resolution, was $21.25, the same as the valuation placed on the stock by that resolution, the value might have either increased or decreased on the date of distribution. Even in such circumstances the stock was to be distributed at a valuation of $21.25 per share and the cash distribution would therefore remain the same. Petitioner's argument then that a definite obligation of $210,000 was created seems unrealistic when it is considered that because of fluctuations in the fair market value of

the stock its stockholders might have received either more or less than $210,000. It is clear, we think, that the distribution of the stock as a dividend was intended at the outset[1] and therefore no loss can be recognized.

This controversy is ruled by the *General Utilities* case, where the decision of the Board of Tax Appeals on this issue was approved by both the Court of Appeals and the Supreme Court. There, too, a resolution provided for a dividend in a specified amount and then provided further that it was payable in certain stock valued at a fixed amount per share: "that a dividend in the amount of $1,071,426.25 be and it is hereby declared * * * payable in Common Stock of The Islands Edison Company at a valuation of $56.12½ a share * * *." 29 B. T. A. at 936. It was urged in that case, as here, that an obligation in a fixed amount was created and that gain or loss could be recognized when such obligation was discharged by distribution of the stock. But that contention was rejected in the *General Utilities* case. It was held that the resolution must be read as a whole and that the words which followed, providing for the distribution of the stock at a fixed valuation, must be read as a gloss on what preceded. And by the way of emphasis, it was pointed out that there was not even a punctuation mark before the words that followed. 29 B. T. A. at 939, 940. Petitioner herein seizes upon the latter remark and contends, in substance, that its case is different because there is a period between the gross dollar measure of the dividend and the provision for payment in stock valued at a fixed amount. We think that the cases are indistinguishable. The reference to the absence of punctuation in the *General Utilities* case was merely by the way of emphasis. The result is the same whether the two thoughts are in separate clauses following one another without punctuation, or whether they are in consecutive sentences separated by a period, or whether they appear in any other form, provided that they are component parts of a single plan spelled out in the resolution. Cf. *Corporate Investment Co.*, 40 B. T. A. 1156, 1165, 1168; *Columbia Pacific Shipping Co.*, *supra*. We are convinced that here, as in the *General Utilities*, *Corporate Investment*, and *Columbia Pacific* cases, the provision describing the dividend in terms of dollars cannot be read in isolation and must be considered together with the companion provision for payment in stock.

Since the above issue is resolved in favor of respondent, it is unnecessary to pass upon his alternative contention that part of the loss

---

[1] The petitioner introduced evidence to show that a cash dividend was intended at the outset and the stockholders later consented to having the distribution made partly in the stock. Apart from the fact that the testimony offered was that of a witness who was not then a member of the board of directors and was not shown to have been present at the board meeting at which the dividend was declared. we cannot allow such evidence to contradict the clear language of the resolution.

must in any event be disallowed under the provisions of section 24 (b) (1) (B) of the Internal Revenue Code, although it is difficult to see from the stipulated facts why section 24 (b) (1) (B) is inapplicable if this issue is to be considered. Other adjustments made by the respondent were not contested.

*Decision will be entered for the respondent.*