NATURAL GASOLINE CORPORATION,
Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 4865.

United States Court of Appeals,
Tenth Circuit.

Jan. 25, 1955.

William P. McClure, Washington, D. C. (John E. McClure, Reuben Clark, Jr., Washington, D. C., Charles W. Dohnalek, Tulsa, Okl., of counsel), for petitioner.

Walter Akerman, Jr., Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, David O. Walter, Sp. Assts. to Atty. Gen., of counsel), for respondent.

Before BRATTON and MURRAH, Circuit Judges, and RITTER, District Judge.

RITTER, District Judge.

This is a petition to review a decision of the Tax Court of the United States which upheld the Commissioner's determination of an income tax deficiency against the petitioner for the year 1948.

Petitioner is a Texas corporation with its principal office located at Tulsa, Oklahoma. It purchased 16,400 shares of common capital stock in the Warren Petroleum Corporation during 1947 and 1948 and realized a short-term capital gain through the sale of 10,600 shares of that stock. The remaining 5,800 shares, which had a basis to petitioner of $141,472.74, were disposed of as follows:

On December 22, 1948, petitioner's board of directors adopted and passed the following resolution:

"Resolved that there be paid out of the surplus or net profits of the corporation a dividend of $210,000.-00 on all the shares of common stock of the corporation; said dividend to be payable immediately to holders of record of said stock at the close of business on December 21, 1948. Said dividend shall be payable pro rata in stock of Warren Petroleum Corporation to the extent of 5,800 shares of such stock of Warren Petroleum Corporation at a value

of $21.25 per share adjusted by payment of cash to even shares, and the remainder of such dividend shall be payable in cash."

Dividends were paid under the terms of this resolution during 1948 by distributing the 5,800 shares of Warren Petroleum Corporation stock to petitioner's stockholders along with $86,750.00 in cash. The cash balance was the difference between $123,250.00, the aggregate value of 5,800 shares of Warren Petroleum Corporation stock fixed at $21.25 per share, and $210,000.00. The fair market value of the stock on December 22, 1948, the date of the resolution, was $21.25 per share.

Five thousand shares of the Warren Petroleum Corporation stock distributed to petitioner's stockholders had been owned by petitioner for six months or less, and the remaining 800 shares distributed had been owned for more than six months. Petitioner accounted on its corporate books for the 5,800 shares as follows:

| | |
|---|---|
| Cost of 5000 shares | $116,807.02 |
| Less: 5000 shares at $21.25 a share | 106,250.00 |
| Short-term capital loss | 10,557.02 |
| Cost of 800 shares | 24,665.72 |
| Less: 800 shares at $21.25 a share | 17,000.00 |
| Long-term capital loss | 7,665.72 |
| Total capital loss | $ 18,222.74 |

On this basis petitioner filed its tax return for the taxable year 1948 with the Collector of Internal Revenue for the district of Oklahoma and claimed deductions of $10,557.02 as a short-term capital loss and $7,665.72 as a long-term capital loss or a total loss on the stock transaction of $18,222.74.

Thereafter, the Commissioner determined that petitioner's income tax liability for the year 1948 disclosed a deficiency of $6,919.07. Among other adjustments the Commissioner disallowed in full the claimed capital loss on the distribution of the 5,800 shares of Warren Petroleum Corporation stock on the ground that petitioner "sustained no loss on this transaction which would constitute an allowable deduction under the Internal Revenue Laws."

Petitioner alleges that the effect of the resolution of December 22, 1948, was the creation of a fixed and definite monetary obligation against the corporation for the amount of $210,000.00 and that the transfer of 5,800 shares of Warren Petroleum Corporation stock partially discharging this dividend did not change its monetary character. The Commissioner contends that the resolution clearly indicated an intention to declare a dividend in stock of Warren Petroleum Corporation to the extent of 5,800 shares at a value of $21.25 per share, plus cash, and that the payment of the stock was a dividend in kind.

The law is settled that when a corporation declares a cash dividend and then satisfies the pecuniary obligation so created by a distribution of property the Internal Revenue laws allow a recognizable tax gain or loss on the transaction.[1] However, if a corporation declares a property dividend and the property is later distributed to stockholders, the corporation realizes no taxable gain or loss.[2] And this is so even where the dividend is in form declared in money but is actually payable in property.[3] Accordingly, the problem in this case is to determine the legal meaning of the resolution authorizing the dividend.

1. Callanan Road Improvement Co. v. Commissioner, 1928, 12 B.T.A. 1109; Bacon-McMillan Veneer Co. v. Commissioner, 1930, 20 B.T.A. 556.

2. First Savings Bank of Ogden v. Burnet, 1931, 60 App.D.C. 307, 53 F.2d 919, 82 A.L.R. 549.

3. General Utilities & Operating Co. v. Helvering, 1935, 296 U.S. 200, 56 S.Ct. 185, 80 L.Ed. 154; Commissioner of Internal Revenue v. Columbia Pacific Shipping Co., 9 Cir., 1935, 77 F.2d 759, 760.

Petitioner's strongest point in support of its position is found in the first part of the resolution which states:

"Resolved that there be paid out of the surplus or net profits of the corporation a dividend of $210,000.-00 * * * ".

However, it continues:

"Said dividend shall be payable pro rata in stock of Warren Petroleum Corporation to the extent of 5,800 shares of such stock * * * at a value of $21.25 per share * * * ".

Petitioner contends that the resolution "operated to do two separate things," (1) the declaration of a cash dividend, (2) to be discharged by the payment of stock plus cash. This contention ignores the fact that the resolution was a single act of petitioner's board of directors. We construe the resolution in its entirety,[4] and upon that basis it is capable of but one interpretation.

■ The value of each share of stock was fixed by the resolution at $21.25 per share, which was the fair market value on the date it was adopted. Inasmuch as the market value was in constant flux, the value of this stock could have changed materially by the date of distribution. Since the stock distribution had to conform to the valuation established by the resolution itself, regardless of the market value on that date, the cash balance of the dividend would remain the same. Therefore, the stockholders could have received more or less than a total dividend of $210,000.00, depending upon the market fluctuations of the value of the stock on the date of distribution. The corporation's obligation under the resolution was completely satisfied by the distribution of the 5,800 shares at a fixed value of $21.25 per share plus the balance of $86,750.00 in cash.

Directly controlling here is the decision in General Utilities Co. v. Helvering,[5] the leading Supreme Court case. The resolution involved in that case, as here, provided for a dividend in a specific cash amount payable in stock at a fixed value per share. It provided "that a dividend in the amount of $1,071,426.25 be and it is hereby declared on the Common Stock of this Company payable in Common Stock of The Islands Edison Company at a valuation of $56.12½ a share * * * ."

We believe the General Utilities case and the case at bar are indistinguishable. Petitioner, however, submits that there is a factual difference in that the stock in the General Utilities case had to be transferred, whereas in this case petitioner was not obligated to distribute any specific securities and could have purchased 5,800 shares of Warren Petroleum Corporation stock in the market and then transferred the newly acquired stock to its stockholders, thus avoiding tax consequences. This contention is hypothetical and has no merit.[6]

As an additional claimed factual difference, petitioner points out that the

4. In Commissioner v. Columbia Pacific S. Co., supra, under similar facts, the court said: "We see no reason why the resolution should not be treated as an entirety and, so far as the stock is concerned, as a distribution of the shares of stock to its stockholder rather than as a declaration of a dividend of money to be paid by transfer of stock." General Utilities Co. v. Helvering, 29 B.T.A. 934, at pages 939, 940.

5. 1935, 296 U.S. 200, 56 S.Ct. 185, 186, 80 .L.Ed. 154. Recognizing the holding in the General Utilities case as the accepted rule, the court in Commissioner of Internal Revenue v. Godley's Estate, 3 Cir., 1954, 213 F.2d 529, 531, said: " * * * the case has received judicial and administrative acceptance as standing for the proposition that a corporation does not realize income from the distribution of property which has appreciated in value over its cost."

6. A similar argument was presented in Zalk-Josephs Co. v. Commissioner, 1951, 10 T.C.M. 662, where the court said: "This argument, we believe, is too specious to consider in view of the fact that tax consequences result from what did in fact transpire, not what could have."

Board of Tax Appeals in the General Utilities case stated that the clause providing for payment of the stock was not separated "by as much as a punctuation mark" from the clause declaring the dividend, while in this case those clauses are separated by a period. Petitioner urges that the distinction characterizes the resolution under consideration as two complete and separate corporate acts, one declaring a dividend creating a monetary obligation, and another requiring partial payment in property. This contention is also without merit. The Board of Tax Appeals in the General Utilities case was merely pointing out by way of emphasis the requirement of construing the resolution as a whole to determine its true meaning. The resolutions in both cases reveal an intent to carry out a single plan and the punctuation mark in one and lack of it in the other does not alter the manifest meaning in each. In Commissioner v. Columbia Pacific S. Co., supra, under similar facts, the two clauses were separated by a period, but were considered together and held to be interdependent.

Petitioner submits also that "the decision in the General Utilities case should be disregarded" because it conflicts with the "doctrine that substance prevails over form." This argument is basically a criticism of the soundness of the rule that a corporation, with foresight, can either realize or not realize a tax gain or loss on the distribution of property and still place that property in the hands of its stockholders as a dividend. This same argument was presented in the General Utilities case and rejected. And now, in Section 311(a) (2) of the Internal Revenue Code of 1954, 26 U.S.C.A., Congress has specifically enacted into statutory law the twenty-year-old principal enunciated in the General Utilities case.[7]

The rule petitioner seeks to invoke is inapplicable. The Tax Court's decision is affirmed.

7. Section XII A(2) (c) of the Senate Finance Committee report, Prentice Hall,

Federal Tax Guide, Volume 2, page 24,046.